DINAH STONE and JOHN STONE, adm'rs of ELIZABETH STONE (late MASSEY) unadministrated by JOHN STONE, deceased *against* CHARLES MASSEY.

Devise of lands to a second son and his heirs he or they paying to a daughter 300*l.* within 3 months after the expiration of a lease under which the lands were and also 150*l.* within three months after the death of testator's wife, (to whom an annuity of 27*l.* per annum was devised out of the said lands during life,) the legacies are vested and transmissible to representatives, though the legatee dies before the days of payment.

CASE stated for the opinion of the court. Debt 450*l.*
The plaintiffs sue for two legacies, one of 300*l.* and the other

of 150*l*., bequeathed to Elizabeth Massey aforesaid, by the will of her father, Wight Massey, dated 3d November 1761. He thereby devised to the defendant, (his second son,) in fee simple, a lot of ground in the city of Philadelphia, then under lease to Thomas Fitzsimmons, he or his heirs paying to the said Elizabeth 300*l*. within three months after the expiration of the said lease, which would end on the 15th May 1767, and also the further sum of 150*l*. at the death of the testator's wife, Eleanor, within three months thereafter. He also subjected the premises to the yearly sum of 27*l*. payable to the said Eleanor, his wife, during life, and directed that the said sum "so devised to the aforesaid Elizabeth shall be at her disposal, and that she might give the same to whom she should think proper in her life-time." The said Wight Massey died afterward in 1761. Eleanor, his widow, died in March 1778.

The said Elizabeth Massey married John Stone, (deceased,) on th 11th June 1764, and had issue one daugher, Elizabeth. Elizabeth Stone, the mother, died before her daughter, on the 19th May 1765, and on the 22d of the same month, John Stone, her husband, administered to her estate. Elizabeth Stone, the daughter, died on the 23d July 1765, and on the 24th of the same month, John Stone, her father, administered to her estate.

The plaintiffs, one of whom is the said John Stone, widow, (being his fourth wife,) and the other his son, by a second venter, administered to the estate of the aforesaid Elizabeth, (the legatee and third wife of the said John Stone, deceased,) unadministered by the said John on the 1st July 1793. The said Charles Massey, the devisee of the premises, out of which the legacies are directed to be paid, entered before this suit, and has since the said entry continued to hold the same.

The said Elizabeth Massey, before her intermarriage with the said John Stone, on the 11th June 1764, made a deed of settlement of all her property, and thereby conveyed to Thomas Barton, (clerk,) and John Dickinson, esq. and their heirs and assigns, the whole thereof, to hold the same in trust for her during her life, and after her death to the heirs of her body, and if she died without issue of her body living at the time of her death then to her mother during life, and after her death, then to the brothers and sisters of the same Elizabeth, paying or remitting to the defendant 100*l*. out of the legacies payable by him.

After the death of the said Elizabeth Stone, the mother, and before the death of her daugher, to wit, on the 28th June 1765, the said Thomas Barton and John Dickinson, reciting the deed of settlement and the marriage of the said Elizabeth, assign and release the said trusts

and legacies to the said John Stone, her husband, for his own use, " at the repeated instance and request of the same Elizabeth in her lifetime. " The defendant pleads *non detinet* and issue.

The question submitted to the court is, whether the plaintiffs are entitled to recover the said two legacies, or either of them ?   If the court shall be of opinion that the plaintiffs are entitled to recover the same, or either of them, it is agreed that a reference shall take place to ascertain the amount really due between the said parties, and judgment shall be entered on the report of the referees, as usual in cases of references and reports, under rule of court.

Mr. Rawle for the plaintiff, made three points.   1.   The legacies bequeathed to Elizabeth Massey on the death of her father, became vested and were transmissible to representatives ; they were not contingent.   If the time of payment is merely postponed, and it be the testator's intention that his bounty should immediately attach, the legacy is vested.   3 Woodeson. 512. 3 Bro. Cha. Rep. 472.   The adverbs " when " and " then, " referring to a thing which must of necessity happen, as the death of a party, make no contingency.   3 Co. 21. *a.* In the case of a personalty, where time is not annexed to the legacy, but to the payment, and the legatee dies before that time, it is vested. 2 Salk. 415.   The rule of portions sinking for the benefit of the heir, where they are charged on land, and the legatee dies before the day of payment, does not hold where the circumstances are taken from the conveniency of the estate, and not from the person of the legatee.   3 Atky. 319. Sherman *v.* Collins.

2.   The terms of payment of the two legacies are not conditions. It is dissimilar *to the* case of a legacy depending on marriage, where the party has in some degree a control over the event.   The words, " he or his heirs paying, " form a charge in the will, not a condition or limitation.   An action lies for a legacy devised out of land.   2 Salk. 415.   Lands devised to the heir paying a sum of money to B, " paying " does not make a condition, because no one can enter for the condition broken, but the devisee ; *aliter* if the devise had been to a stranger.   2 Equ. Ca. Ab. 362, pl. 7. Cites 2 Freem. 278.   Where lands are charged with the payment of money, and the construing the charge as a condition would defeat the remedy of the money under the will it shall be construed as a limitation of the estate.   Cro. El. 204.   Annuities intended as a certain provision at all events, shall not be defeated. 2 Equ. Ca. Abr. 363, pl. 14. Cites 1 Wms. 472.

3. The words "to be at her disposal, to give to whom she should think proper in her life-time," give the legatee a fixed absolute interest in the legacies. Those expressions will admit of no other construction.

Devise of lands to B in fee, paying 400*l.*, whereof 200*l.* to be at the disposal of his wife by will, the wife's administrator shall have this 200*l.*, the property thereof being absolutely vested in her. 2 Vern. 181.

Devise to one for life, and after to her issue, and if she has no issue, power to dispose thereof at her will and pleasure, the contingency of issue never happened, she took a fee. 2 Wils. 6. Devise to E for life, then to a A in tail, and if A died without issue in the life of E, then the land to remain to E, to dispose of at her will and pleasure, gives E a fee, in case A dies without issue in the life of E. 1 Leon. 283. Devise to his wife for life, and after her decease, she to give the same to whom she will, though she has but an estate for life, yet she may give the reversion, to whom she pleases. 3 Leon. 71. Devise to one for will and pleasure, gives a fee. Moor. 57.

Mr. Lewis for the defendant. Elizabeth Massey, under her voluntary deed of settlement, which contained no power of revocation, had an estate for life, remainder to her issue, remainder over. The trustees only could assign the trust to her daughter Elizabeth, who was then in full life. Those facts therefore may be laid wholly out of the case. The question is, whether as the legatee died before the events took place on which she was entitled to receive them, the legacies are lapsed and sink into the estate, for the benefit of the *hares factus*, or are vested.—Legacies shall sink into the land, as well in case of the *hares factus*, as of the heir at law ; 2 Wms. 276 ; and that too in favour of the devisee of part of the estate only. 2 Atky. 436. Equity will not load an heir, for the benefit of an executor or administrator. 2 Wms. 609.

Most of the cases cited for the plaintiffs, are of devises out of personalties which materially differ from legacies payable out of lands There is a diversity between duties which touch the reality and the mere personalty. Co. Lit. 292. *b.* The general rule is, that charges upon land, either by deed or will, payable at a future day, shall not be raised, where the party dies before the day of payment. Lady Powlet. *v.* Lord Polet 2 Vent. 366, 367. 1 Vern 204, 221. Yates v. Fettiplace. 2 Vern. 416. Stapleton v. Charles. Prec. Cha. 318. Gilb. Equ. Rep. 76, *intodtidem verbis.* Jennings v. Looks. 2 Wms. 276. Smith v. Smith. 2 Vern. 92.

Here the defendant had the option, whether he would take the premises charged with the legacies and yearly sum, or not. If a condition was annexed thereto, the remedy of the legatee, on non-payment of her legacies, was an entry by the heirs at law, who would hold the premises in trust, until the sums were paid. And this would be her only remedy, if the lands were devised on condition. 1 Leon. 174.

The word "paying" in a will, forms a condition. Co. Lit. 236. b. 3 Co. 21. *a.* The defendant is stated to be a second son, and not the heir at law. Consequently the legatees had a full and complete redress by the ordinary current of the law; and there was no necessity for turning a condition into a limitation of the estate to prevent her being remediless, according to the case cited from Cro. El. 204. Our rules of descent, are similar in many instances to those which hold as to lands in England, known by the name of borough English. The eldest son would amongst us be deemed the heir to enter for a condition broken.

One having three sons, devises lands in borough English, to his second son, on condition to pay 20*l.* a piece to his daughters, that is a condition; for it need not be expounded as a limitation, as in the case of a devise to the eldest son. Cro. Jac. 56. Devise of land to eldest daughter, paying to another 30*l.* per annum, it is a condition; on non-payment, the youngest daughter may enter into a moiety of the lands Cro. El. 146. Devise of lands to J. S. for years, rendering 20*s.* annually to J. D., the heir may enter on non-payment of the sum, as for a condition broken. Cro. El. 454. If in the present instance, the lot of ground was devised to the defendant on condition, the monied legacies are not payable, unless the whole condition is complied with, by the legatees living until they become due.

Mr. Rawle in reply. In England, the devisee of real estate, shall have the personal estate applied to his ease. 1 Vern. 36. There a devisee of lands on condition, that he should pay all debts and legacies, would have the same advantage. Prec. Cha. 2. But the situation of our country, the genius and spirit of our laws, and the habits of our people, could not admit this doctrine. The heir in England is very differently considered, from what he is in this state. The general rule contended for, as to legacies arising out of real estate, has undergone many alterations. A term created for daughters' portions, commencing after the death of the father and mother, upon trust to raise the portions from and after the commencement of the term; the father dies leaving a daughter. Decreed that the portions vested, but not raiseable during the life of the mother. 1 Wms. 448. Words ordering

payment of a portion to a daughter at twenty one, shall have the effect of vesting a right in her, and having attained that age, her portion in case of her death, shall go to her executors or administrators, as a vested interest. 1 Wms. 457. Vid. 2 Wms. 513. Pitfield's case.

Where the postponing of the time of payment of a legacy to be raised out of lands, has been owing to the circumstances of the testator's estate, and not to those of the legatee, the legacy shall be raised notwithstanding his death before the time.   This principle was adopted so far back as 1740, in Lowther v. Condon. 2 Atky. 127.   And a string of cases have since succeeded, establishing an exception to the rule laid down in Powlet v. Powlet ; and it is now held, that where the terms of payment of a legacy to be raised ont of lands, ar not descriptive of the person or character of the legatee, it shall not merge into the inheritance, though the legatee dies before the time of payment. Dawson v. Kellet. 1 Bro. Cha· Rep. 119. Teal v. Fitchener. Clark v. Ross. Kemp v. Davy. *Ib.* (note.) Godwin v. Munday. *Ib.* 191. Thompson v. Dow. Morgan v. Gardiner. *Ib.* 193. (note.)

The slighest examination of the will, shows the grounds on which the testator postponed the payment of the legacies to his daughter.

By the court.   This case appears to us to be free from difficulty, whether we regard the circumstances under which the will was made, the intention of the testator, or the authorities.

When the will was drawn, the house and lot which the testator devised to the defendant, his second son, was under lease, the last period of which, he mentions to be on the 15th May 1767.   To his widow he devises thereout, an annuity of 27*l.* per annum, during her life, and to his daughter Elizabeth 450*l.* ; but the house being under lease, perhaps at a great under value, he deemed it expedient not to be subject the defendant to the payment of part of his sister's legacy, until three months after the lease would expire, and of the residue, until three months after the annuity of 27*l.* would cease. Evidently the postponement of the payments, arose from the peculiar situation of his property.

The intention of the testator is also clear, that he meant his daughter Elizabeth, should have a pure vested interest in both sums, at the time of his death.   " The sums devised, shall be at her disposal, and she may give the same to whom she thinks proper, in her life-time." These expressions would be idle and superfluous, unless the father intended the money, as subject to her control, before it became due.

The great ingredient in the case, is the devise to Elizabeth Massey. The law formerly was, as contended for by the defendant's counsel, but it has undergone sundry modifications, and is now perfectly ascertained on the present subject.

The rule about conditions has been long thought too much strained, and therefore is not much relied on in the latter cases. 1 Bro. Cha. Rep. 123. Almost all the authorities are collected in 2 Wms. 612, (Cox's note) and the law is accurately laid down in Hargrave's note to Co. Lit. 237, *a.* as follows:—In general where a legacy payable at a future time, is charged on personal estate only, if the legatee dies before the day of payment, his personal representative will be entitled to it. But where it is charged on real estate, it sinks into the land for the benefit of the owner of the inheritance. Yet wherever there are any circumstances or expressions in a will from which the implication that it was the testator's intention to make it immediately a vested legacy, is stronger than the implication to the contrary, which arises on its being charged on a real or mixed fund and payable at a future day, it is to be considered as a vested and transmissible interest, notwithstanding those circumstances. The rule in Powlet's case is merely a rule of construction, not a positive rule of law or equity. A legacy out of real estate, to be paid within 12 months after the death of A; the legatee survived A but one month, and it was decreed that the legacy did not lapse, but went to the representative. 1 Vez. 44. Hodgson *v.* Rawson.

The rule laid down in the cases cited from 1 Bro. Cha. Rep. will apply to the construction of the will before us; and there can be no reasonable ground to doubt that the will was penned with reference to the circumstances of the testator's estate, and not to the person of his daughter. It is also certain that the intent of a testator will control the rules contended for by the defendant, (2 Atky. 127. 1 Vez. 47. Vid. Comy. 716, 723,) which is here manifest from the legacies being subjected to her disposal, and therefore the daughter took a present interest. The same will which vested the lot of ground in the defendant, vested it with the charge, and the devisee must take it *cumonere.*

Judgment for the plaintiffs.