Tilghman C. J.
This is an action brought by Josiah Price, the husband and administrator of Sarah Price deceased, for the recovery of a legacy bequeathed to the said Sarah, by the will of her father, Williani Scott. The question is, whether the legacy was vested absolutely in Sarah Price or went over on her death to her surviving brothers and sisters : (here was read the material parts of William Scott’s will). An executory devise of a chattel to take effect after an indefinite failure of issue would be void, the contingency being more remote than the law permits. It is granted, however, by the counsel for the defendant, that the contingency mentioned in this will is not too reriiote, because, the dying without issue is not indefinite, but restricted to the time of the death of the first taker. But a question has been made whether money can be the subject of an executory devise; of this I entertain no doubt. A sum of money devised to one for life, with remainder to another, may be of great use to the first taker; he may put it to interest or invest it in goods or land, and thus make profit. All that is required is, that on his death his executors pay the principal to the remainder man. Money has this peculiar advantage over other chattels, that the use of it occasions neither loss nor injury, and from time it suffers no decay. The executors of the first taker are not bound to pay over the identical pieces of metal which their testator received, but the like value in lawful mo *63 jiey of the country. It was once supposed, that a gift of a chattel for an instant was a gift forever, and that any limitation over would be void. But since the law of executory devises has been established, there has been no difference between money and any specific chattel. The only difficulty in this case, if there be a difficulty, is to ascertain what was the contingency on which the testator intended, that this legacy should go over. From his direction that it should be paid in yearly instalments of 100/. after his daughter arrived at the age of eighteen, and from this being the only provision which he has made for her, it may be presumed, that it was not his intention to hold it long in suspense. Nor can it be supposed that in case Sarah had died before twenty-one leaving issue, it was her father’s will that her children should be deprived of this money. This reflection is so natural and so pressing, that in similar cases (and many similar cases have occurred) no judge has failed to be impressed with it. The law has, therefore, been settled, that where a legacy is given to one and if he should die before twenty-one, or without issue, then to another-, it becomes absolutely vested in the first taker on his arrival at the age of twenty-one. If the devise in this will hád been simply, that in case of the death of either of the testator’s sons or daughters, before attaining the age of twenty-one years, unmarried or without issue, the legacy bequeathed to the one so dying should go over, I presume it would not have been contended, that it would have gone over, upon a death after the age of twenty-one. The cases decided upon that point are too strong to be got over. I need only refer to Holmes v. Holmes, (5 Binn. 252,) where the law was fully considered. But the defendants rely on the subsequent expressions, “then and in either case,” which they say manifest the clear intent of the testator, that the three contingencies before mentioned should be construed disjunctively, that is to say, that the legacy should go over on Sarah’s dying before twenty-one, or unmarried, or without issue. It must be confessed, that without rejecting the words “ in either case,” which I have no right to do, I know not how to construe all the three contingencies conjunctively. Some separation is necessary to satisfy the word either, which must have reference to more than one. But still I cannot suppose, that the testator intended to take the money from his daughter, in case she died before twenty-one leaving issue. I must, therefore. *64 seek for a construction which may preserve the legacy to the daughter’s family upon that event, and at the same time to give effect to the word either. And I think such a construc^on may be f°un(l. The words of the will are, “ in case “ either of my before mentioned sons or daughters should die a before he, she, or they attain the age of twenty-one years “ unmarried or without lawful issue,” &c. I construe them thus : In case either of them die before he attains the age of twenty-one years unmarried, or before he attains the age of twenty-one years without lawful issue; this makes two cases .on contingencies to which the word either may refer, it vests the legacy absolutely on the child’s attaining the age of tWenty-one, and it preserves it in case of a death before twenty-one, leaving issue. In my opinion, it comes nearer to the testator’s meaning than any other construction which can be made, without taking greater liberties with words of the wilí than any Court has a right to take. I shall, therefore, adopt it. It appears then, from the facts stated, that this legacy was vested absolutely in Sarah, the wife of the plaintiff, because she died after the age of twenty-one. Consequently, the judgment of the Court of Common Pleas was right, and should be affirmed.
Yeates J. absent.
Brackenridge J. delivered an opinion concurring with the Chief Justice.
Judgment affirmed;