The opinion of the Court was delivered by
Duncan J.—On
the argument of this case, the only question raised was this ; is the limitation over of the legacy to Henry King,ixmr., a good one, or did it vest in him absolutely; .or in other words, was it to take effect after an indefinite *31 failure of issue, or confined to a failure of issue on the death of the first taker ? The Court decided that it was indefinite and void ; and this opinion is now to be considered. It is unembarrassed with any difficulty as to the vexed question, whether limitations in the same will are to be construed differently with respect to real and personal estate. It presents the abstract question of a limitation of a personal legacy. Peter Delhi, the testator, devises in the following words : “ I give unto Henry King, my grand-son, and to his heirs and assigns, the sum of one thousand pounds, to be paid to him in two hundred pounds yearly payments, the first payment to be made in the month of May, 1808, and from thence two hundred pounds successively, until the whole shall be fully paid. Nevertheless, if the said Henry King should die unmarried and without issue, that then, and in such case, the said sum so bequeathed, shall be equally divided to and amongst all my children, share and share alike; but in case he shall marry and then die without issue, that then, and in suck case, two-thirds of the said legacy shall only be divided amongst my children as aforesaid, and one-third of the said legacy shall be given to his widow.” The will is dated 6th January, 1801. The testator died in 1812 ; Henry King, junr., died in 1816, never having been married; some children of the testator were then living;
Money may b>e the subject of an executory devise, but such executory devise after an indefinite failure of issue, would be void, the contingency being more remote, than the law allows ; but restricted to the time of the death of first taker, it is good. Scott v. Price, 2 Serg. & Rawle, 59. A limitation over of personal estate, when such future limitations are confined to a life in existence, or twenty-one years and ten months, restrained to the death of the first taker, or of any other person then in esse, or depending on the death of such issue under the age of twety-one years and ten months, will be vested on the happening of these contingencies. However rigid the rule may be in executory devises of real estate, as to the construction of the words, dying without issue, signifying an indefinite failure ; yet the most strenuous adherents of this rule consider, that in executory bequests of personal estate, any words in the will, will be laid hold of to restrain the generality of the words, dying without issue, and confine them *32 to dying without issue living at the time of the persons decease, in order to support the intention of the testator, for by this construction the devise over becomes valid. Anderson v. Jackson, 16 Johns. 409. Executors of Moffat v. Strong, 10 Johns. 12. But even in the limitation of personal estate, the words, dying without issue, standing alone, without (.jje concurrence of any other circumstance indicating an intention of restricting it, would not, ex vi termini, signify a dying without issue living at the death of the first taker. To restrain it, there must be some apparent restrictive inclination, some clause or circumstance in the will, which can indicate or imply such intention ; some expression or circumstance connected with the will; some fair demonstration. Without a tedious and unnecessary reference, to the numerous and contradictory authorities with which the books abound; or wasting time, in a vain attempt to search them all, I content myself, to justify this position, with a reference to Fearne on Remd. 471, where most of the leading cases are collected and considered. This is the substance of them ; and as it appears to me, the well settled doctrine. A definite failure of issue, is where a precise time is fixed in the will, for the failure of issue ; not in express terms, but inferrible, with reference to any particular time or event.
If Henry King, junr., die without issue, and without wife, then the testator devises the whole 1000/., to his children ; but if he leaves a widow, and dies without issue, then she is to have one-third, and the children two-thirds. There are many restrictive indications; 1st, the word, then. In Pinbury v. Elkin, 1 P. Wms. 563, then, was construed an attribute of time ; then, immediately after his decease. The case of Royal v. Eppes, 2 Munf. 479, is this very case ; a devise to a son, and in case he died without heir of his body lawfully begotten, then, and in. that case, a devise over. The Court said, that- they were clearly of opinion, that in relation to land, there was nothing in the will, that would restrict the limitation from an indefinite failure of issue, to a failure of issue, at the time of the death ; though in respect to a devise over of personal property, viz., negroes, they thought there were special words, that would justify the restrictive construction, which were, the special words, then, and in that case.
*33 2d. The devise over, is to persons in esse, designated, children. Jackson v. Staats, 11 Johns. 337. “ I give and bequeath to Catharine and Sarah, each, the sum of 12/., out of my personal estate, and if any one or more, happen to die without heir, then his or her part shall be equally divided among the rest of the children.” The devise over good. These are indications of intent; but the third is demonstrative. When was this property to be divided between the children ? Immediately on the death of the first taker. The provision for his widow, in case he left one, shews this; points out the very instant of division among the children; on the event of his marrying, and leaving a widow, but no issue.. So on the event of his never having married, the same point of time, marks the time of division ; in one case, the whole ; in the other, two-thirds. If he die, leaving a widow, and no issue, one-third to the widow, two thirds to the testator’s children; if he die, leaving neither widow nor issue, the whole to his children. This is Moffat v. Strong, 10 Johns. 12. And if any of my said sons should die without lawful issue, then let his or their part be divided equally among the survivors, unless it should so happen, that he or they, so dying, should leave a wife behind, in which case, she shall take back what she brought with her, and 100/. besides, and only the remainder to be divided. So here, the widow, if Henry King, junr., left one, was to have one-third of the 1000/., and the remainder to be divided among the children of the testator ; pointing out in language too clear to be doubted of, the instant when the division was to be made. The generality of the expression, dying without issue, is thus tied up and referred to a dying without issue, living at the time of division, the death of the first taker; the definite period when it was to go over. You cannot so construe it, as to make the moment of division different, on these different events, though the quantum, to be divided is different. The legacy, on the death of the testator, vested in Henry King, junr.; the time of payment postponed, not absolutely, but sub modo ; it was subject to be divested on an event reasonably determinable, viz., his death, without leaving issue then living. This event having happened, the limitation over was valid; and the legacy goes over tq the children of the testator. The judgment is therefore reversed. But as sufficient appears to satisfy the Court, that *34 this legacy might notbe the sole consideration of the obligation on which this suit is brought, it is remanded, aud ordered, that a venire facias de novo issue. The Court carefully avoid giving or intimating any opinion on any other part of this case, than that to which their inquiry has been directed, by the argument of the counsel. It therefore goes back without prejudice, except so far as depends on the validity of the limitation over.
Judgment reversed, and a venire facias; de novo awarded.