Parker C. J.
The question which arises on the state of facts presented to us is, whether this bequest of 1000 dollars vested in the children of Mary Childs on the death of the testator, so as to pass upon his death to the administrator of John Childs, one of the children who survived the testator but died before his mother, or whether it was contingent upon his surviving his mother, to whom the income of the sum was given by the will during her life.
Perhaps no question can arise in the course of legal inquiries more doubtful in its nature, or less referable to fixed and certain rules and principles, than whether the words of *500 a devise or bequest constitute a vested or contingent remainder. Much stress has often been laid on particular words, to which it is possible the testator ascribed no particular force or meaning ; and though in all the decisions the courts profess to seek for the intent of the testator, yet, as they are bound to confine themselves to the instrument itself to ascer tain that intent, and as the same expressions are apt to convey a different sense or meaning to differently constiucted minds, perhaps there is no branch of the law which falls so far short of certainty as this. It may not be extravagant to say, that in most cases of the kind which have been thought worthy of contest, it would not be difficult to find authorities equally respectable in support of either side of the question. One thing however may be affirmed with confidence, namely, that there is a leaning towards a vested, rather than a contingent interest, and this probably because testators generally have in view the immediate benefit of a legatee, though they may wish to postpone the actual enjoyment of it to a future period.[1]
One of the earliest cases in which any thing like a rule is laid down, is found in 2 Salk. 415. It is there said, the true distinction is, that if a legacy be given to one generally, to be paid or payable, at the age of twenty-one, and the legatee die before that age, the legacy vests and shall go to his executor, the time being annexed to the payment; but if devised to one at twenty-one, or if or when he shall attain that age, if he die before it is lapsed. Considering the loose and untechnical manner in which wills are often drawn, and the little attention often paid to the collocation or use of words, it is not probable the application of this rule always conformed to the real intention of the testator. And it is found, on examination of many decisions, that the words have often been disregarded, and that the intent has been sought for rather in the context, than in the particular clause or sentence which contains the devise. Did the testator mean that his bounty should depend upon the happening of a particular event, or did he mean to make the gift absolutely, and mere *501 ly postpone the enjoyment of it to some period which he supposed convenient, is the question in all cases. In the will we are considering, the testator orders his executors to pay the interest of 1000 dollars annually to his niece, and at her decease to divide the capital among her children, payable at the respective ages of twenty-one, with interest. Here by the rule laid down in the case in Salkeld above cited, the legacy to the children would be contingent, because of the word at,1 [2] and yet, as the capital seems to have been devoted to his children from his death, and as he probably felt a disposition to provide for them, it is not improbable he meant an immediate gift to them, postponing the payment only to the death of his wife, and until they should come to the age of twenty-one. There are many cases which show that courts have adopted this construction of such words, and it seems to be the better construction, as it is more likely to meet the real views and intentions of the testator.
Thus in 1 Burr. 228, there was a devise to trustees for the maintenance of the testator’s nephews, Thomas and John Hayward, during their minorities, and when and as they should attain the age of twenty-one, then to their use and be-hoof. Thomas died under the age of twenty-one without issue. It was held that the estate vested in him, the intent being to limit the time of possession, and not to make the arrival to twenty-one a condition ; and Boraston’s case, 3 Co. 21, is cited by Lord Mansfield, with approbation, in support of this doctrine. There were circumstances in those cases however which may prevent them from being considered as parallel with the case before us; such as the trust for the maintenance of the nephews during their minority; and the word when, which is used, seems clearly to denote the time *502 of possession under the will. The case in 3 T. R. 41, is °f the same nature, and had the same decision, and Boraston’s case is also cited as an authority.
The case of Doe v. Moore, 14 East, 601, is very strong There the devise was to J. M. when he attains the age of twenty-one, but in case he should die before he attains that age, then to his brother, when he attains the age of twenty-one, &c. This was held to be vested in J. M. on the death of the testator, and by virtue of the second clause of the will, determinable if J. M. should die before the age of twenty-one. And there was a similar decision* in the Court of Common Pleas about the same time, upon which error was brought in the House of Lords and the judgment affirmed. These however were devises of real estate, and Lord Ellenborough admits a distinction between real and personal, owing to the application of the rules of the civil law to the latter; but it will be seen, that there .are many like decisions in relation to bequests of personal estate.
In 1 Maule & Sel. 327, there is a case (Doe v. Nowell) settled on similar principles.
These are common law cases, but the question has more frequently arisen in chancery, and most of the decisions in that court are favorable to the claim of the plaintiff in the present action.
In 2 Eq. Ca. Abr. 548, pl. 27, there is a case (Corbett v. Palmer) much resembling the' one before us. J. C. bequeathed his personal estate to his wife for life, and gave legacies after her death, and then the residue at her decease among his relations, A, B, C and D. — A and B died in the lifetime of the wife, and after her decease their administrator had a decree for their shares. Lord Talbot said the time of payment was future, but the right to the legacies vested upon the death of the testator. And in Steadman v. Palling, 3 Atk. 428, Lord Hardwicke decided, that the words cc shall be equally paid and divided to and between my two grandchildren at such time .as they shall attain their respective age of twenty-one, or sooner if my daughter shall think fit,’ *503 made a vested interest. Billingsley v. Wills, 3 Atk. 219, seems to have a different aspect, but the decision rested upon the particular words of the will, which were thought to make the arriving at the age of twenty-one a condition precedent.
In Monkhouse v. Holme, 1 Bro. C. C . 298, J. M. by will gave his wife the use of £800 for life, and from and after her decease as follows ; to L. B. £100, to M. M. £ 100, &c. Then followed other devises, some of real, some of personal estate ; and then, “ I also give to J. M., son of my brother G., the sum of £100.” He then gave the rest and residue to his wife. J. M. died in the lifetime of the widow. This was held a vested legacy.
Benyon v. Maddison, 2 Bro. C. C. 75, was a similar case, and in May v. Wood, 3 Bro. C. C. 471, a bequest to daughters equally to be divided between them when they should arrive at twenty-four years of age, was held a vested legacy, so that the representatives of one who died before that age took.
Upon the authority of these cases, and many more of a like character might be cited, we have come to the conclusion, that the administrator of John Childs has a right to recover, he having had a legacy given to him in the will, which vested in him on the death of the testator.[1] The case is more favorable for such a decision than many which have been cited. The capital from which the income was to be paid to the wife, is given to no one unless to the children. The executors perhaps by implication had a power over it, in order to pay over the interest according to the will. At the decease of the niece it is to be divided among her children, which implies that it was to be held together for their use, charged with the interest to the niece until her death. The words at her decease are as well applicable to the time of payment, as to the vesting of the legacy, and though the time of payment *504 is afterwards limited in the same clause, we consider this only as a Pr°visi°n that such of the children as should not be of age at the time when the legacies would otherwise become payable, should be postponed to that period, for they are to have interest upon their portions.

Judgment for the plaintiff.

 See Leake v. Robinson, 2 Merivale, 386, per Sir Wm Grant, M. R.

 It may be suggested here, that it is not the word “ at,” on which the distinction between a vested and contingent legacy is made to turn in Smell v. Dee, 2 Salk. 415, but the distinction is there taken between a “ devise at” and a “ devise payable at” a particular time, the former implying a devise to take effect in futuro, the latter, a devise to take effect immediately, but to be paid at a future time. See 2 Williams on Executors, 766, pt. 3, bk. 3, c. 2. § 5 ; Toller on Executors, 171, 305 ; Stott v. Price, 2 Serg. & Rawle, 59 ; Bunch v. Hurst, 3 Desaus. 286 ; 2 Fonb. 371.

 Broomfield v. Crowder, 1 New Rep. 313.

 1 Rop. Leg (3d ed.) 503 ; Godolph. pt. 3, c. 24, § 25 ; Stapleton v. Cheales, Prec. Chanc. 317 ; Hanson v. Graham, 6 Ves. 245 ; Booth v. Booth, 4 Ves. 399 ; Jones v. Mackilwaine, 1 Russ. Ch. R. 223 ; Hutchins v. Foy, Com. R. (2d ed.) 719 ; Patterson v. Hawthorn, 12 Serg. & Rawle, 112 ; Stone v. Massey, 2 Yeates, 369.