## Weaver's Estate.

*Will—Legacy—Charge on land—Vested and contingent interests.*

1. In the case of a legacy charged on land the payment of which is postponed with reference to the circumstances of the legatee, the charge fails if the legatee dies before the time of payment; a distinction is drawn between the postponement of payment which has reference to the con-·venience or condition of the estate, and that which is made owing to the situation of the legatee.

2. Testator gave a legacy to a boy ten years old at the time the will was made and then of feeble mind. He directed that the legacy should be paid to the legatee when he arrived at the age of twenty-five, provided he should, in the judgment of the executor, then be responsible and competent, otherwise the interest was to be paid to the legatee and the principal after his death to his children. No provision was made for paying interest to the legatee during the intervening period, the father of the legatee being able to support him. Testator directed that this legacy with others and debts should be charged on certain real estate described, and gave the residue of his estate to his brother. The legatee remained feeble minded during his life, and died under twenty-five years of age without children. *Held*, that upon the death of the legatee, the legacy lapsed, and the brother took the real estate free of the charge.

Argued Nov. 10, 1908. Appeal, No. 127, Oct. T., 1908, by the Pennsylvania Trust Company, Administrator of Franklin H. Weaver, deceased, from decree of O. C. Berks Co., dismissing exceptions to adjudication in Estate of Franklin Weaver, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to adjudication. Before BLAND, P. J.

Testator directed as follows:

"7. I give, devise and bequeath to my nephew Franklin H. Weaver the sum of $1,000 to be paid to him on his arriving at the age of (25) twenty-five years, provided he in the judgment of my executor, then is responsible and competent to be entrusted with the same otherwise this bequest shall remain in the hands of my executor in trust and the interest thereof to be paid to him annually during his lifetime and after his death the principal shall be paid to his children share and share alike.

420 WEAVER'S ESTATE.

Statement of Facts—Opinion of Court below. [39 Pa. Superior Ct.

" 12. And I hereby further charge and subject my two properties Nos. 947 and 949 Franklin Street Reading Penna. with and the payment of the balance of whatever may remain unpaid of all the cash bequests by me hereinbefore made together with my funeral expenses and expenses of setting up my estate and all my just debts and I direct and order my executor hereinafter named to so pay the same, and the residue of the properties Nos. 947 and 949 Franklin Street Reading Penna. I give devise and bequeath to my brother Ebenezer P. Weaver and to his heirs and assigns forever."

The nephew died at the age of fourteen. The court awarded the fund represented by the legacy to Ebenezer P. Weaver.

On exceptions, BLAND, P. J., filed the following opinion:

In the matter of the exceptions of the Pennsylvania Trust Company, administrator of Franklin H. Weaver, deceased, to an adjudication filed September 19, 1907, distributing a fund of $1,300, charged on certain real estate by the will of said Franklin Weaver, and paid into court for distribution to the person or persons entitled thereto.

The learned counsel for the exceptant contends, that in the opinion heretofore filed, the court did not consider the effect of the gift to the children of Franklin H. Weaver, in the contingency mentioned in the seventh paragraph of the will: "provided he in the judgment of my executor, then is responsible and competent to be entrusted with the same otherwise this bequest shall remain in the hands of my executor in trust and the interest thereof to be paid to him annually during his lifetime and after his death the principal shall be paid to his children share and share alike." His having children, is as much a fact personal to the legatee, as his attainment of the age of twenty-five years; and is, therefore, as clearly within the rule of Poulet v. Poulet, 1 Vernon, 204, as death under the prescribed age. As Franklin H. Weaver died childless, at fourteen years of age, both personal conditions failed; and as there is no gift over, there is an intestacy, if the legacy did not sink in the land devised. But the law will not hold a man who has made a will, to have died intestate, without an unavoidable necessity so to do;

and if there is any rule of law upon which his will may be held to operate upon his whole estate, it will be held to do so. We have such a rule, old and firmly established; and we are bound to follow it. The rule of Poulet v. Poulet, 1 Vernon, 204, evidently exists in the state of New York; as appears by the case of Traver v. Schell, 20 N. Y. 89, where JOHNSON, Ch. J., said: "And in regard to legacies charged on real estate, the rule is the same, where it appears that the postponement is based upon the condition of the estate and the convenience of the party who is to pay, and not upon the situation and circumstances of the legatee."

[It is my opinion, that as Franklin H. Weaver died under the age of twenty-five years and without ever having had a child, the legacy of $1,000 never vested, indefeasibly, in anyone; and at his decease, sunk into the land on which it was charged.

The exceptions are, accordingly, dismissed, and the distribution excepted to, is confirmed absolutely.]

*Error assigned* was the decree of the court.

*J. H. Zweizig,* for appellant.—The legacy of Franklin H. Weaver was vested: Bowman's App., 34 Pa. 19; Culin's App., 20 Pa. 243; Millard's App., 87 Pa. 457; Stone v. Massey, 2 Yeates, 363; Williams v. Neff, 52 Pa. 326.

*Henry Maltzberger,* for appellee.

OPINION BY HENDERSON, J., July 14, 1909:

The form of the bequest to Franklin H. Weaver and the evidence taken in this proceeding leave no room for doubt that the testator had in view the legatee's mental condition when giving direction in regard to the payment of the legacy. The legatee was feeble-minded during his whole life. The will was made when he was ten years of age and the testator apparently hoped that he might improve in this respect; hence, the provision of the bequest that payment should be made when he would arrive at the age of twenty-five years, provided he should in the judgment of the executor then be responsible and compe-

tent to be entrusted with the amount bequeathed to him. The legacy, therefore, became payable on a condition personal to the legatee. The circumstances of the latter and not any convenience or advantage to the estate induced the testator to postpone its payment. The facts bring the case within the operation of the rule in Poulet v. Poulet, 1 Vernon, 204; Smith on Executory Interests, sec. 321; 2 Jarman on Wills, ch. 25; Hawkins on Wills (2d Am. ed.), ch. 18, and other authorities, to the effect that in the case of a legacy charged on land the payment of which is postponed with reference to the circumstances of the legatee, the charge fails if the legatee die before the time of payment. A distinction is drawn between the postponement of payment which has reference to the convenience or condition of the estate and that which is made owing to the situation of the legatee. In the former case the legacy vests; in the latter it falls into the land. This rule was recognized in Stone v. Massey, 2 Yeates, 363, where some exceptions to, and modifications of it, were commented on, and the law as stated in Hargrave's Note to Coke on Litt., 237a, as follows: "In general where a legacy payable at a future time, is charged on personal estate only, if the legatee dies before the day of payment, his personal representative will be entitled to it. But where it is charged on real estate, it sinks into the land for the benefit of the owner of the inheritance. Yet wherever there are any circumstances or expressions in a will from which the implication that it was the testator's intention to make it immediately a vested legacy, is stronger than the implication to the contrary which arises on its being charged on a real or mixed fund and payable at a future day it is to be considered vested," was held to be accurately laid down. In Donner's Appeal; 2 W. & S. 372, the same subject is referred to and the distinction made between a postponement on account of the minority of the legatee and one for the benefit of the estate of the devisee of the land. In the latter case it was decided that the postponement was for the "ease and advantage" of the devisee of the land and not on account of the circumstances of the legatee, which brought the case within a well established exception to the general rule. Moran's

App., 13 Pa. Superior Ct. 251, recognizes the same doctrine. Unless, therefore, there is to be found in the will or the circumstances an intention of the testator to give a vested legacy and thereby overcome the contrary implication which arises because it is charged on realty and payable at a future day, the conclusion of the orphan's court should be sustained. After a careful examination of the will and a consideration of its circumstances we are unable to find any evidence which persuades us that the testator intended that the legacy should vest immediately. The postponement must have been made on account of the infirmity of the legatee and there is not any sufficient reason for concluding that the testator intended to confer a benefit on the collateral heirs of the legatee in the event of his death before the time appointed for payment. On the contrary, the helplessness of the legatee and the apparently remote probability that he would become capable of managing his estate point directly to the conclusion that it was only to vest in the event that he survived. The father of the legatee was living and responsible for his support and no provision was made in the will for the payment of interest on the legacy for the period intervening before the time fixed for payment. It is reasonable, therefore, to suppose that the provision made by the testator was intended to be for his use and benefit when he reached an age at which the testator thought he might be able to take care of himself. The direction that the competency of the legatee should be ascertained before the money should become payable gives strong color to the impression that the legacy was to be contingent on his capability to manage his estate. It is contended, however, that the provision for payment to the children of the legatee in the event that the latter should not be responsible and competent when he should arrive at the age of twenty-five years shows a contrary intent. It is well observed by the learned judge of the orphan's court that the contingency of having children is as much a fact personal to the legatee as his attainment of the age of twenty-five years. Moreover, the prospect that the legatee might have children must have been associated in the testator's mind with the expectation that he would have reached the age of twenty-

five years with developed mental ability and capacity to take care of himself. It is not to be assumed that the testator had in contemplation the procreation of children by one not compos mentis. Culin's App., 20 Pa. 243, and Millard's App., 87 Pa. 457, to which the learned counsel for the appellant invites our attention were cases of absolute legacies where the condition was annexed to the payment; not to the gift. In the first case the bequest was in trust for a married daughter of the testator with a provision that if her husband should continue to refrain from drinking to excess for one year after the decease of the testator's widow, then the legacy to be paid to the legatee. Her husband died during the lifetime of the widow of the testator and it was decided that the legacy was payable to her. In the latter case the bequest was to the executor in trust to pay over the interest and dividend of stocks and bonds to a nephew of the testator, with authority to the executor to pay the whole or portions of the principal to the legatee in the discretion of the executor if the legatee should be sober and industrious in his habits. These were cases of a postponement of the time of payment without any condition annexed to the gift. The condition on which payment was to be made became impossible by the act of God. The reason for further postponement ceased to exist and the legacies became payable at once. In each instance the object of the testator was to provide for the legatee and the trust provision was merely to prevent the waste of the estate. The reason for such trust having ceased, the fund became payable to those entitled thereto.

It seems very clear from the language of the will that the testator intended that his brother, Ebenezer, should have all of his property which was not effectively bequeathed or devised to other persons. He did not know whether the other portion of his estate would be sufficient to pay his debts, funeral expenses and the legacies provided for and he, therefore, directed that any part of these not satisfied by his other property should become a charge on lots Nos. 947 and 949 on Franklin street in the city of Reading and the residue of these properties he devised to Ebenezer. This property constituted his whole estate not otherwise disposed of and the devise to Ebenezer made the

latter his residuary devisee. It was uncertain what amount might become a charge on the lots. If the other portion of the testator's estate had been sufficient to pay these charges Ebenezer would have taken the lots free from liability and it is a fair interpretation of the testator's intention to hold that the lots were given to Ebenezer as a whole, subject to the legacy as a charge, and in that case a lapsed or void legacy would fall into the particular residue: Hawkins on Wills, *43; DeTrafford v. Tempest, 21 Beav. 564. We conclude, therefore, that the case was well decided by the orphan's court.

Decree affirmed.