Joel Michael Freed, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued November 16, 1979, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Emil W. Kantra, II,* with him *James G. Kellar,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, December 21, 1979:

This is an appeal from an order of the Court of Common Pleas of Lehigh County dismissing the ap-

peal of Joel Michael Freed from the revocation of his operating privileges for one year by the Secretary of the Pennsylvania Department of Transportation (Department). We affirm.

On July 1, 1977, Freed pleaded guilty to the charge of operating a motor vehicle while under the influence of intoxicating liquor in violation of Section 1037 of The Vehicle Code (Code), Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §1037.[1] On July 5, 1977, Freed's conviction was certified to the Department and on January 21, 1978, the Department notified Freed that the Secretary had revoked his operating privileges for one year under Section 616(a)(1) of the Code, *formerly* 75 P.S. §616(a)(1).[2] From that action by the Secretary, Freed appealed to the Lehigh County Court of Common Pleas.

On his appeal to this Court, Freed contends that the revocation of his operating privileges under Section 616(a)(1) violates his rights under the equal protection clause of the United States Constitution because under Section 616(a)(1) the operating privileges of convicted violators of Section 1037 are mandated to be revoked, whereas the operating privileges of violators of Section 1037 who are admitted to and successfully complete an Accelerated Rehabilitative Disposition (ARD) program under Pa. R. Crim. P. 175-185 are not subject to that mandate.[3]

In *Commonwealth v. Sutherland,* 45 Pa. Commonwealth Ct. 490, 407 A.2d 1364 (1979), when a similar argument was presented to us we held that revocations under Section 616(a)(1) do not deny equal pro-

---

[1] Repealed by Section 7(a) of the Act of June 17, 1976 (Act), P.L. 162, *as amended* (found in the Appendix to 75 Pa. C.S.A.). A similar provision is found in The Vehicle Code, 75 Pa. C.S.A. §3731.

[2] Repealed by Section 7(a) of the Act. A similar provision is found at 75 Pa. C.S. §1532(b)(1).

[3] Lehigh County apparently does not offer ARD to violators of Section 1037.

tection to violators notwithstanding the availability of ARD in some counties but not in others. Nothing in Appellant's argument here persuades us that our decision in *Sutherland* should be reconsidered, much less overruled.

### ORDER

AND Now, this 21st day of December, 1979, the order of the Court of Common Pleas of Lehigh County dated October 11, 1978, dismissing the appeal of Joel Michael Freed is affirmed.