454 A.2d 136

**COMMONWEALTH of Pennsylvania**

v.

**John Irvin LEONARD, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 3, 1981.

Filed Dec. 30, 1982.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Thomas L. Goodman, Lancaster, for Commonwealth, appellee.

Before WICKERSHAM, POPOVICH and WATKINS, JJ.

PER CURIAM:

This is a direct appeal from the denial of a petition seeking to modify a judgment of sentence. We dismiss the appeal as untimely.

On June 2, 1979, appellant was charged with eight counts of theft. The eight separate complaints were filed simultaneously with the district justice, and preliminary arraignment was held on all charges simultaneously. On November 19, 1979 appellant waived his right to a preliminary hearing and all eight counts were returned to the Lancaster County Court and docketed to eight separate docket numbers. On March 11, 1980 appellant appeared before the court and pled guilty to all eight counts of theft. On March 13, 1980 the court sentenced appellant, and ordered him to pay the costs of his prosecution on each of

the eight indictments. Appellant filed a timely motion to modify the sentence under Rule 1410 of the Rules of Criminal Procedure, challenging the court's multiple assessment of costs. The court thereupon entered a Rule to Show Cause to the Commonwealth. On April 1, 1980 the court entered an order extending the time in which this rule was to be returnable and purporting to extend the time in which appellant could appeal the court's assessment of costs. The April 1 order reads in pertinent part: "Petitioner's right to appeal from assessment of costs shall be extended for an additional 11 days." At no time did the court vacate the judgment of sentence. Finally, on April 16, 1980, after the thirty day appeal period had run, the court purported to deny appellant's petition. This appeal followed on April 24, 1980.

The instant appeal is clearly out of time. The mere scheduling of a hearing on a Rule 1410 motion does not affect the running of the time for appeal. Since the appeal lies from judgment of sentence the lower court cannot extend its time to consider a Rule 1410 motion unless it first vacates the sentence in question. It cannot simply extend the time for appeal. See Pa.R.Crim.P. 1410, Comments. Accordingly, since the instant appeal was out of time we are constrained to dismiss it without consideration of the merits.

Dismissed.

POPOVICH, J., files a concurring opinion.

POPOVICH, Judge, concurring:

I concur in the result. However, I write separately to clarify what, at first blush, may appear to be an unduly harsh result. That is, the dismissal of appellant's appeal because of the lower court's (in)action.

Instantly, the appellant does not assert that the lower court failed to inform him of his appellate rights and the time stricture within which they had to be exercised to be preserved. Pa.R.Crim.P. 1405. As a result, it was the appellant's obligation to comply with the applicable Rules of

Criminal Procedure, in particular Pa.R.Crim.P. 1410, which provides in the *Comment* portion that:

"Under this rule, the mere filing of a motion for modification of sentence and the court's scheduling of a hearing on the motion do not affect the running of the thirty day period for filing a timely notice of appeal, and the need for the defendant to file his appeal (both as to the merits of the case or as to the sentence) within that period."

In other words, based on the preceding, the accused is wise to file an application for reconsideration below and a *notice of appeal. See, e.g.,* Pa.R.App.P. 1701. In such instance, if the lower court does not vacate the judgment of sentence, either in connection with the granting of the motion for modification or in order to have additional time within which to consider the motion, and the motion for reconsideration is denied after the passage of the 30-day appeal period, the prior *notice of appeal* would be considered sufficient to preserve appellate review of a judgment of sentence. *See Commonwealth v. Corson,* 298 Pa.Super. 51, 444 A.2d 170 (1982). Appellant, not having taken such steps here, will not be heard to complain and his appeal is determined *sua sponte* to be untimely, *Commonwealth v. Dorman,* 272 Pa.Super. 149, 414 A.2d 713 (1979); therefore, it is dismissed.