476 A.2d 1362

COMMONWEALTH of Pennsylvania

v.

Jack WILLS, Appellant.

COMMONWEALTH of Pennsylvania

v.

Geoffrey ROSSMAN, Appellant.

COMMONWEALTH of Pennsylvania

v.

Steven A. HARVEY, Appellant.

COMMONWEALTH of Pennsylvania

v.

Thomas SHINE, Appellant.

COMMONWEALTH of Pennsylvania

v.

Daniel BERG, Appellant.

COMMONWEALTH of Pennsylvania

v.

Robin CORNELIUS, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 28, 1984.

Filed June 8, 1984.

Petition for Allowance of Appeal Denied Oct. 2, 1984.

David M. McGlaughlin, Philadelphia, for appellants.

Richard A. Hernan, Jr., District Attorney, Warren, for Com., appellee.

Before BROSKY, DEL SOLE and MONTGOMERY, JJ.

BROSKY, Judge:

This appeal is from the denial of a motion to appoint a physician under 35 P.S. § 780–118(a). Appellants argue that the statute requires such an appointment. We do not reach the merits of that issue since the order appealed from is a non-appealable interlocutory order. Accordingly, the appeal is quashed.

On the day *voir dire* was to commence appellants made a motion for the appointment of a physician to examine appellants to recommend whether, as a result of drug addiction, they should be treated and rehabilitated rather than prosecuted. This motion was denied and an appeal was taken. At the prosecution's request, the court stayed further proceedings pending disposition of the appeal.

In the normal course of events, pre-trial orders in a criminal case are not appealable. *Commonwealth v. Bennett*, 236 Pa.Super. 509, 345 A.2d 754 (1975). Therefore, if this Court is to have jurisdiction over this case, it must be pursuant to an exception to the general rule.

One such exception is provided by 42 Pa.C.S. § 702(b), "Interlocutory appeals by permission". Pursuant to this section, the court below did certify the order appealed from here. However, appellants failed to petition this Court for permission to appeal, as required by Pa.R.A.P. 1311. This omission deprives us of jurisdiction over the case, at least as a result of certification. *Commonwealth v. Pfender*, 280 Pa.Super. 417, 421 A.2d 791 (1980); *Gellar v. Chambers*, 292 Pa.Super. 324, 437 A.2d 406 (1981).

Another route validating an interlocutory appeal is Pa.R.A.P. 311 authorizing certain interlocutory appeals as of right. The instant order is not within the enumerated categories, nor within the categories created by case law, and is not appealable via that route.

There is a third option which could provide us with jurisdiction. Even though an order may have occurred pre-trial, if its practical effect is to terminate the litigation, it is immediately appealable. See Pa.R.A.P. 341; *Gurnick*

*v. Government Employment Insurance Co.*, 278 Pa.Super. 437 at 439–40 n. 2, 420 A.2d 620 at 621 n. 2 (1980). The instant order does not terminate, formally or practically, the prosecution.

■ Appellant argues that a fourth avenue supplies us with jurisdiction. The extraordinary circumstances doctrine has, in the past, allowed this court to exercise its discretion to entertain interlocutory appeals when it deems that justice so requires. While the Supreme Court of this Commonwealth still has this power, this Court does not. *Toll v. Toll*, 293 Pa.Super. 549, 439 A.2d 712 (1981).

The appeals are quashed.