500 A.2d 1225

**COMMONWEALTH of Pennsylvania**

v.

**Keith David CHESTNUT, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1985.

Filed Nov. 22, 1985.

Robert B. Stewart, III, Huntingdon, for appellant.

Stewart L. Kurtz, District Attorney, Huntingdon, for Com., appellee.

Before WICKERSHAM, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from a judgment of sentence entered by the Court of Common Pleas of Huntingdon County. After pleading guilty to a charge of driving under the influence of alcohol, appellant, Keith David Chestnut, was sentenced to a minimum of five days and a maximum of 23 months incarceration. His motion to modify sentence was denied. The sole issue on this appeal is whether the sentence was

the result of an unyielding formula which failed to take appellant's particular circumstances into consideration.

Appellant reasons that since the judge who sentenced him had previously handed down identical sentences to fifteen others convicted of drunk driving, it follows that the court routinely hands down sentences based on nothing more than the crime charged. Initially, we note that the fifteen sentences to which appellant refers do not constitute the sum total of those handed down by the court for driving under the influence. We also observe that all of those sentences fall within the dictates of 75 P.C.S. 3731(e)(1), which explicitly sets forth sentencing parameters for driving under the influence convictions.

We agree with the trial judge that uniformity and consistency are laudable goals, and that it is easier for people to conform their actions to the law when they know what the punishment will be. It is on these very principles that the sentencing guidelines are based. *See Commonwealth v. Frazier,* 347 Pa.Super. 64, 500 A.2d 158 (1985). Thus, when two defendants occupy roughly the same position in terms of those factors which bear on the severity of a sentence, there can be nothing suspect about the imposition of identical sentences. Only when the sentencing judge is blind to some important circumstance unique to an accused is uniformity improperly placed at a premium over an individual's rights.

There is simply no evidence that the sentence is not consonant with the crime. Reliance on past similarities is not enough. Indeed, it may well be that appellant's circumstances were roughly similar to those of the fifteen other defendants who received a like sentence; thus, even the misplaced analysis of past similarities is incomplete. Appellant has not urged a single specific factor that might necessitate a different sentence. While we agree with appellant that a judge may not summarily hand down a sentence without considering its relationship to the individual accused, we find nothing upon which to conclude that the trial judge was guilty of such shortsightedness.

Appellant was drunk at the time of his arrest, even though at age 20 he was not legally allowed to drink. He was driving under a suspended license. His driving resulted in an auto accident. The court considered all of these factors prior to sentencing.

Sentencing is within the sound discretion of the trial judge. Absent an abuse of that discretion, we refuse to disturb a sentence on appeal. *Commonwealth v. Spencer*, 344 Pa.Super. 380, 496 A.2d 1156 (1985); *Commonwealth v. Scatena*, 332 Pa.Super. 415, 481 A.2d 855 (1984). We find no such abuse in this case. The appeal is therefore wholly without merit.

Judgment of sentence affirmed.