538 A.2d 895

**COMMONWEALTH of Pennsylvania**

v.

**Donald R. FEAGLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 2, 1987.

Filed Feb. 29, 1988.

Charles A. Bierbach, Huntingdon, for appellant.

Ellen L. Cohen, Assistant District Attorney, Williamsport, for Com., appellee.

Before BROSKY, TAMILIA and KELLY, JJ.

BROSKY, Judge:

This is an appeal from an order accepting appellant into the Accelerated Rehabilitative Disposition (ARD) program and setting forth the terms and conditions of that acceptance.

The question before us is whether the trial court can impose a mandatory twelve-month license suspension as a condition of acceptance into the ARD program when 75 Pa.C.S.A. § 3731(e)(6)(ii) specifically grants discretion to impose a license suspension for a period of less than twelve months. We quash the appeal.

Before doing so, however, we must direct our attention to resolving a procedural irregularity in the record.

Subsequent to the filing of the Notice of Appeal and on March 25, 1987, it appears that the trial court entered an Order vacating the suspension of appellant's operator's privileges. By further Order dated April 16, 1987, the trial court apparently suspended the operation of the March 25, 1987 Order and "reinstated" the Order of January 12, 1987 (filed February 20, 1987) from which the instant appeal was taken. Neither the March 25, 1987 Order nor the one dated April 16, 1987 [1] appear as part of

1. The order of April 16, 1987 is included as an exhibit to appellant's Brief and refers therein to the Order of March 25, 1987.

the record certified to us. We attribute their absence from the record to the fact that the record in this case was transmitted to this Court on March 16, 1987. However, both Orders were without legal effect when entered. A trial court is without jurisdiction to act in a matter after the record has been transmitted to an appellate court. *Commonwealth v. Burkett*, 352 Pa.Super. 350, 507 A.2d 1266 (1986). Moreover, when a timely Motion to Modify has been filed, as here, the trial court must act within the thirty-day appeal period by either issuing an order denying the Motion or vacating the original judgment of sentence either for the purpose of granting the Motion or to gain an additional period of time within which to consider the Motion. In other words, after an appeal has been docketed in this Court, the mere filing of a Motion to Modify, absent the trial court's utilization of one of the above-cited options within the thirty-day appeal period, does not toll the applicable period, and the trial court consequently loses jurisdiction to act thereafter. *Commonwealth v. Gordon*, 329 Pa.Super. 42, 477 A.2d 1342 (1984); *Commonwealth v. Leonard*, 308 Pa.Super. 292, 454 A.2d 136 (1982); *Commonwealth v. Lynch*, 304 Pa.Super. 248, 450 A.2d 664 (1982); *Commonwealth v. Corson*, 298 Pa.Super. 51, 444 A.2d 170 (1982); *Commonwealth v. Canady*, 297 Pa.Super. 292, 443 A.2d 843 (1982); Comment following Pa.R.Crim.P. 1410; Pa.R. App.P. 1701(b)(3).

Appellant was charged with violating 75 Pa.C.S.A. § 3731(a)(1) and (a)(4). He was subsequently admitted into the ARD program where, among one of his conditions of acceptance, was a suspension of his operator's privileges for twelve months by Order of January 12, 1987, filed February 20, 1987. On January 14, 1987, he filed a Motion to Modify the condition of the twelve-month license suspension.

The Commonwealth argues that appellant has failed to preserve this issue because he did not voice any opposition to the condition at the ARD hearing. It considers the filing of a Motion to Modify inappropriate, premising that conclusion on the correct assumption that ARD acceptance does

not operate as a conviction which, in turn, implicates the imposition of sentence.

■ Our court in *Commonwealth v. Becker,* 366 Pa.Super. 54, 530 A.2d 888 (1987) (*en banc*), recently held that, for the purpose of applying the recidivist penalty provisions of 75 Pa.C.S.A. § 3731(e)(1), *acceptance* of ARD is a conviction. 75 Pa.C.S.A. § 3731(e) provides:

> (2) Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a *first conviction for the purpose of computing whether subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction....*

(Emphasis supplied).

The *Becker* court elaborated on this as follows:

> We emphasize that our decision in the instant case is narrow in scope. We deal here only with the proper interpretation of § 3731(e)(2). With this in mind, it is readily apparent that the straightforward application of § 3731(e)(2) is consistent with Pennsylvania case law and with the Rules of Criminal Procedure. It is true that when the word 'conviction' appears in a statute, it is usually taken to mean 'the ascertainment of the guilt of the accused and judgment thereon by the court ...' *Commonwealth v. Minnich,* 250 Pa. 363, 367, 95 A. 565, 567 (1915). However, this technical definition of conviction should not be applied 'where the intention of the legislature is obviously to the contrary ...' *Commonwealth ex rel. McClenachan v. Reading,* 336 Pa. 165, 169, 6 A.2d 776, 778 (1939). Where a statute clearly defines its terms, that fact that other legal enactments may provide alternate definitions of the same term is irrelevant. The court must construe each statute according to its internal definition. *See Commonwealth v. Lobiondo,* 501 Pa. 599, 603, 462 A.2d 662, 664 (1983); *Commonwealth v. Massini,* 200 Pa.Super. 257, 259, 188 A.2d 816, 817 (1963).

366 Pa.Superior Ct. at 59–60, 530 A.2d at 890–91. *Accord Commonwealth v. Potts*, 352 Pa.Super. 299, 507 A.2d 1239 (1986) (ARD acceptance is the equivalent of a conviction only for the purpose of sentence enhancement for subsequent convictions.)

Hence, since our court has considered acceptance into the ARD program to be a conviction only for the purpose of sentence enhancement for subsequent violators, we hold that appellant's acceptance operates as a conviction for that purpose only and that the appeal is not properly before us.

The salutary purpose of and theory behind the ARD program militate against the conclusion that an order of acceptance into the program is an appealable one. First, ARD is a *pre-trial* diversionary program in which the District Attorney agrees to suspend prosecution of a defendant contingent upon that subject's successful participation in a program of rehabilitation. If ARD is not completed successfully, the defendant may be prosecuted upon revocation of his participation in the program. *Commonwealth v. Lutz*, 508 Pa. 297, 495 A.2d 928 (1985). The purpose of this *diversionary* program is to attempt to rehabilitate the defendant without resort to a trial and ensuing conviction. During this time, the criminal proceedings are held in abeyance pending successful completion of the program or revocation for violation of the conditions. *Commonwealth v. Krall*, 290 Pa.Super. 1, 434 A.2d 99 (1981). Moreover, since acceptance of ARD does not constitute a conviction except for the limited purpose set forth in Section 3731(e)(2), *supra, Commonwealth v. Becker, supra; Commonwealth v. Potts, supra,* it provides no basis for impeachment of a witness. *Commonwealth v. Scheinert*, 39 Pa.Super. 423, 519 A.2d 422 (1987) (Kelly, J., concurring and joining). Acceptance of ARD is not the equivalent of a conviction, nor does successful completion of the program result in an acquittal. *Id.*

In *Commonwealth v. Hunter*, 294 Pa.Super. 52, 439 A.2d 745 (1982), a panel of this court quashed an appeal from an order denying the Motion of the Commonwealth, joined in

by the defendant, to accept the latter into the ARD program, holding that such an order was interlocutory and non-appealable under Pa.R.Crim.P. 179(c) and 184(c), *infra,* the latter of which specifically forecloses appellate review of any order terminating or otherwise barring a defendant's participation in the ARD program. The court's predicate for doing so was its conclusion that the ARD Rules contemplate only a postponement of proceeding on the applicable charges during the pendency of a defendant's participation in the program. Despite the difference in the Order appealed from in *Hunter*—the denial of the Commonwealth's Motion to accept defendant into the program—we are not compelled to reach a contrary result here.

The instant order appealed from is one *accepting* appellant into the program after appellant had already indicated his willingness in open court to accept the conditions of the program imposed upon him but, at some time subsequently, decided that one of the imposed conditions—a statutorily mandated license suspension of twelve months—was unsatisfactory. In the instant situation, the Rules provided appellant with an avenue of relief from his dilemma. His remedy was simple; he merely had to inform the trial court or the District Attorney of his discontent. At that juncture, the ARD court, pursuant to Pa.R.Crim.P. 179(d), 183 and 184(c) could then have entered a non-appealable interlocutory Order terminating appellant's participation in the program because of his refusal to accept the determinate license suspension, a condition of his program. The District Attorney would then have been free to proceed as though the ARD proceedings had never occurred. Pa.R.Crim.P. 183, 184(c). *Commonwealth v. Hunter, supra.*

To further bolster our conclusion that ARD is not a conviction for appealability purposes, we turn to the Pennsylvania Rules of Criminal Procedure implementing the ARD procedure. Rule 178(2) and (3) provides:

Rule 178. Hearing, Explanation of Program

Hearing on a motion for accelerated rehabilitative disposition shall be in open court in the presence of the defend-

ant, his attorney, the attorney for the Commonwealth, and any victims who attend. At such hearing, the defendant shall be asked on the record whether he understands that:

. . . . .

(2) Should he fail to complete the program satisfactorily, he may be prosecuted as provided by law;

(3) He must agree that if he is accepted into the program he waives the appropriate statute of limitations and his right to a speedy trial under any applicable Federal or State Constitutional provisions, statutes or rules of court during the period of enrollment in the program.

Thus, a defendant who is accepted into the ARD program, upon failure to abide by its conditions, may be prosecuted, Rule 178(2), and, as a condition of acceptance, must agree to waive all limitations and speedy trial periods. Rule 178(3). Rule 180, entitled "Deferring Action Upon Admission to Program Before Information or Indictment", requires that once a defendant is accepted into the diversionary program, no information or indictment may be filed on the charges for which the defendant is accepted into the program. In a similar vein, Rule 181 speaks to deferring any proceedings, after an information or indictment is found, during the duration of a defendant's enrollment in the program. Furthermore, the actual conditions imposed are limited to those respecting probation after conviction of a crime, including the making of restitution and the payment of the cost of the program. The notable exception, however, is that a fine may not be imposed. Rule 182.

It is important for the purpose of this particular case to note that if the defendant refuses to accept the ARD conditions imposed upon him, "the case shall [then] proceed in the same manner as if these [ARD] proceedings had not taken place." Rule 183. This Rule is silent as to the appealability of the Order denying the Motion for ARD. We believe that this is so for two reasons: (1) A defendant has no right to be admitted to the program and therefore

cannot complain when he, of his own voluntary act, chooses not to participate or is precluded from doing so, *Commonwealth v. Lutz, supra; Commonwealth v. Kiehl,* 353 Pa. Super. 353, 509 A.2d 1313 (1986); (2) The ARD proceeding is a non-final one in which criminal proceedings are held in abeyance. *Commonwealth v. Lutz, supra; Commonwealth v. Krall, supra.* Moreover, we note the import of Rule 184. This Rule sets forth the procedure to be followed in the case of a defendant who violates a condition of his ARD program. Subsection (c) thereof reads as follows:

Rule 184. Procedure on Charge of Violation of Conditions

. . . . .

(c) When the defendant is brought before the Court, the judge shall afford him an opportunity to be heard. If the judge finds that the defendant has committed a violation of a condition of the program, he may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law. *No appeal shall be allowed from such order.*

Emphasis supplied.

The thrust of the above-cited Rule is evident. In addition to outlining the procedure terminating ARD for a defendant who violates its terms, it also specifically prohibits an appeal from any Order of termination. A defendant thus situated stands in a precarious position insofar as his future in the criminal justice system is concerned. The charges, once held in abeyance, are now resurrected, and his rights are strictly circumscribed. He may either plead guilty or take his chances at a bench or jury trial. He no longer has the option of ultimately securing dismissal of the charges against him without further stigma of guilt or punishment, all because he violated the conditions of the program. Yet, Rule 184(c) prohibits an appeal from any Order terminating him from ARD because of his violation.

Appellant, on the other hand, does not stand in the shoes of a violator. He voluntarily and freely accepted the condi-

tions of the ARD program imposed upon him. If appellant was discontent with the twelve-month license suspension imposed upon him as a condition of the program pursuant to Section 3731(e)(6)(ii) of the Motor Vehicle Code, 75 Pa.C. S.A. § 3731(e)(6)(ii), he had the option, pursuant to Pa.R. Crim.P. 179(d), to so inform the hearing judge. The relevant portion of that Rule reads:

Rule 179. Hearing, Manner of Proceeding

.    .    .    .    .

(d) The defendant shall thereupon state to the judge whether he accepts the conditions and agrees to comply. If his statement is in the affirmative, the judge may grant the motion for accelerated rehabilitative disposition and shall enter an appropriate order as set forth in Rules 180 or 181. If the defendant answers in the negative, the judge shall proceed as set forth in Rule 184(c).

Thus, Rule 184(c) appears to bar the taking of an appeal from *any* Order terminating the program, whether the reason is for violation of a condition of the program or because a defendant, like appellant, disagrees with any of the conditions imposed by the hearing court. It does not stand to reason and is abhorrent to due process considerations to disallow an appeal from an Order terminating a defendant whose freedom hangs in substantial jeopardy as a result of violation of his ARD conditions pursuant to Rule 184(c), whereas a dissatisfied defendant, like appellant, who may opt out of the program, is given the unqualified right to ask that we, as an *appellate* tribunal, pass judgment upon a matter which, we believe, is before us in an unripe posture and for which the ARD rules provide a remedy at the trial court level. If a defendant elects out of ARD, as is his right under Rules 179(d) and 183, he may plead guilty to the charges for which he was initially recommended for ARD diversion and may, as a consequence thereof, receive the identical sentence of suspension to which he objected while in the ARD program. Alternatively, he may elect to be tried before a jury of his peers or at a bench trial and be adjudicated either guilty or innocent of the drunk driving

charges. At that juncture, i.e. if a defendant is ultimately convicted and sentenced, he may challenge his original ARD condition by the process of direct appeal from the judgment of sentence.

We believe that the language in Rule 184(c) prohibiting the taking of an appeal from an order terminating a defendant's participation in an ARD program was intended to reach situations similar to the one presented to us here by the triggering mechanism of Rule 179(c), *supra*. We further believe that our decision in *Commonwealth v. Hunter, supra*, is dispositive of the result we reach today. Any other conclusion, in our view, would eviscerate the validity the Rules of Criminal Procedure relating to the ARD program as adopted by our Supreme Court, would be against the weight of the decisional law of this Commonwealth and would thwart the purposes contemplated by the drafters of these Rules.

We also believe that any action on our part culminating in the disposition of this appeal on its merits would serve to flaunt our appellate jurisdiction which is circumscribed by Section 742 of the Judicial Code, 42 Pa.C.S.A. § 742, in that it invokes jurisdiction upon this court from *final* orders of the courts of common pleas and Pa.R.App. p. 341(a), limiting the taking of an appeal as of right from a *final* order.

The Commonwealth argues that this matter is more properly the subject of an interlocutory appeal for which permission must be sought from this court. *See* 42 Pa.C.S.A. § 702(b); Pa.R.App.R. 312 and 1311(b). The correctness of this assertion is not now before us. Appellant has not invoked the appropriate appellate procedure for seeking review of an interlocutory order not appealable as of right. *See* 42 Pa.C.S.A. § 702(b) and Pa.R.App. 1311(b), *supra*. Therefore, our only alternative is to quash the appeal. *Commonwealth v. Hunter, supra*.

Even if we were to address the merits of this appeal, we would be unable to find any support for appellant's claim. Appellant argues that in imposing the blanket twelve-month license suspension, the trial court failed to consider the

individual circumstances of each case before it. 75 Pa.C. S.A. § 3731(e)(6), the provision from which the court exacted the twelve-month license suspension penalty, reads in relevant part:

(6) Any person who accepts Accelerated Rehabilitative Disposition of any charge brought under this section shall accept as conditions the imposition of and the judge shall impose in addition to any other condition all of the following:

.    .    .    .    .

(ii) A mandatory suspension of operating privilege for a period of not less than one month but not more than 12 months.

Specifically, appellant asserts that, given the circumstances of his particular case, as he sets forth in his brief, the ARD court could have ordered a different period of suspension. He further qualifies this by stating that he was not but should have been informed of the imposition of the mandatory twelve-month suspension before entry of the Order so that he could have made a determination whether to accept or reject ARD and that he did not know whether his failure to respond affirmatively to acceptance of the condition would result in denial of permission to enter the ARD program.

First, a defendant has no right to participate in an ARD program. Hence, he cannot demand acceptance into the program, such recommendation lying within the discretion of the Commonwealth. *Commonwealth v. Lutz, supra; Commonwealth v. Kiehl, supra; Commonwealth v. Boerner*, 268 Pa.Super. 168, 407 A.2d 883 (1979), *appeal dismissed*, 491 Pa. 416, 421 A.2d 206 (1980). A defendant's participation in the ARD program is only upon recommendation of the Commonwealth and by grace of the trial court. Consequently, appellant would have no basis to complain about a statutorily mandated condition precedent to his acceptance into the program, especially when the establishment of punishment for criminal wrongdoing is within the confines of legislative authority. *Commonwealth v. So-*

*journer,* 513 Pa. 36, 518 A.2d 1145 (1986) (construing penalty provision of 75 Pa.C.S.A. § 3731(e) to be mandatory); *Commonwealth v. Gamber,* 352 Pa.Super. 36, 506 A.2d 1324 (1986) (same).

Appellant's argument that the ARD court failed to give him individual consideration, did not allow him to present circumstances in mitigation of his mandated suspension and did not give him the opportunity to accept or reject ARD is belied by the record. Instead, we find that appellant, along with fifteen (15) participants collectively standing before the ARD court, was informed by that tribunal that he must agree to abide by the conditions of the program imposed by the court prior to acceptance. The ARD court then twice asked the fifteen participants, including appellant, if they, or any of them, had any questions concerning the program's general conditions or whether any of them wished to withdraw. Appellant gave no response. The ARD court then, after imposing the conditions, including the subject license suspension, upon all participants, including appellant, asked each participant, including appellant, individually, whether he or she understood the terms and conditions and whether he or she accepted them as a condition of entry. Appellant's response to this interrogation was, "Yes, I do." (N.T. 10).

Appellant was presented with the opportunity to set forth mitigating circumstances when the ARD court asked him if he understood the conditions of his acceptance and whether he had any questions. Pennsylvania Rule of Criminal Procedure 179 sets forth the hearing procedure. Rule 179(a) provides that after a defendant agrees to accept the conditions of the program, the record is to be closed. Rule 179(b) states that *when the record is closed,* the Commonwealth shall present the facts of the case after which the defendant may present information pertinent to his case. Thus, we cannot know from the record whether appellant did present any mitigating circumstances at the hearing for the ARD court to consider. However, we do know that he has not

disclosed any either in his Motion to Modify or in his appellate Brief.

In *Commonwealth v. Chestnut,* 347 Pa.Super. 609, 500 A.2d 1225 (1985), we held that imposition of identical sentences to defendants pursuant to 75 Pa.C.S.A. § 3731(e) was not suspect absent the failure of the court to consider some important circumstance unique to the accused. There, as here, appellant and the other defendants were all charged with the same offense—driving under the influence. Neither in *Chestnut* nor here did appellant even remotely suggest a single factor which might warrant a different condition or sentence. While *Chestnut* involved a guilty plea rather than ARD proceedings, it is instructive for our purposes, for we find that the reasoning of that court in support of similar punishment for similarly situated defendants has equal application here. Moreover, individualized consideration of a non-capital offender facing a mandatory penalty is not required by law. *Commonwealth v. Gamber, supra.*

■ The operative penalty provision calls for a *mandatory* suspension of not less than one month nor more than twelve months. From this, appellant concludes that the ARD court abused its discretion in imposing the statutory limit when it had the option, according to appellant, to impose a lesser suspension period. Appellant misperceives the court's power to exercise its discretion under these circumstances. The court's discretion is limited here to fixing a sentence between the minimum and the maximum statutory parameters. We do not view the ARD court's imposition of a license suspension for a period at the maximum end of the mandated penalty range an abuse of its discretion. Both the condition imposed and its duration are permissible expressions of legislative will. The ARD court, in imposing the condition and the length of its duration, viewed it as a necessary deterrent and an effective response to a grave societal problem existing on our Commonwealth's highways. *See, generally, Commonwealth v. Mikulan,* 504 Pa. 244, 470 A.2d 1339 (1983) (citing reports and

statistics on drunk driving tragedies). Appellant has no substantive right to a particular sentence or condition within the authorized range of the statute. *Commonwealth v. Gamber, supra, citing Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). Moreover, and in any event, had he pleaded guilty or gone to trial and been convicted of violating any provision of § 3731(a), appellant would have found himself subject to a twelve-month license suspension mandated and imposed by the Department of Transportation. 75 Pa.C.S.A. § 1532(b)(3). This provision is not applicable to persons who accept ARD. *See Freed v. Com.,* 48 Pa.Commw. 178, 409 A.2d 1185, *aff'd,* 493 Pa. 230, 425 A.2d 747 (1979). Rather, the controlling provision for ARD participants is the subject § 3731(e)(6). We would therefore find no fault with the ARD court's imposition of a license suspension for the length of time sanctioned by law as a valid condition for acceptance into the ARD program.

Appeal quashed.

KELLY, J., files a concurring opinion.

TAMILIA, J., files a dissenting statement.

KELLY, Judge, concurring:

I join in the majority opinion. I would add to its excellent analysis briefly as follows.

Appellant contends that the conditions imposed on ARD are illegal and excessive. Assuming, *arguendo,* that his contentions have merit,* how may the conditions properly be challenged? Unless ARD is revoked, appellant's charges will be held in abeyance until ARD is completed. Consequently, direct appeal of a final order would not be available as the challenged license suspension would have expired, the charges would be dismissed, and appellant's claim

---

* I assume merit in the contention *for the purpose of discussion of the appealability question only.* The condition challenged here (as the majority opinion demonstrates) is manifestly reasonable. However, our procedural analysis would apply equally even if the condition challenged were less obviously reasonable; consequently, I emphasize that the order to quash is *not* dependent upon the reasonableness of the condition challenged.

would be moot. Thus, while ARD acceptance does not constitute a *conviction* in the general sense of that term, we must still decide whether the order is, nonetheless, immediately appealable.

Generally, an immediate appeal may only be taken from a final order. Pa.R.A.P. 341. A final order is one which disposes of the entire case *or puts an appellant out of court* with respect to a claim. *Commonwealth v. Wills,* 328 Pa.Super. 342, 476 A.2d 1362 (1984). In the instant case, appellant elected (wisely or not) to permit the charges against him to be held *in abeyance;* the charges are not disposed of and he is not out of court on his claims. Thus, the order in question is not immediately appealable as a final order.

Alternatively, even if an order is an interlocutory order rather than a final order, immediate appeal by right may be taken if the order is one of the types of interlocutory orders listed in Pa.R.A.P. 311. The instant order, however, is not.

Consequently, the order in question is only appealable by right during appellant's participation in the ARD program if the order is appealable under the three prong *"Cohen exception"* to the final order rule, also referred to as the "collateral order doctrine." *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). The *Cohen* exception provides that an interlocutory order may be immediately appealed if: 1) the order is separable from and collateral to the main cause of action; 2) the right involved is too important to be denied review; and 3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *See Fried v. Fried,* 509 Pa. 89, 94, 501 A.2d 211, 214 (1985); *see also Zarnecki v. Shepegi,* 367 Pa.Super. 230, 532 A.2d 873 (1987). To qualify under the *Cohen* exception, all three factors must be met. *See Fried v. Fried, supra,* 501 A.2d at 214; *Commonwealth v. Bonaparte,* 366 Pa.Super. 182, 184–185 n. 1, 530 A.2d 1351, 1352 n. 1 (1987) (applying the *Cohen* test). In the instant case, any irreparable loss of appellant's ability

to challenge the ARD conditions is clearly the result of appellant's election and not the order appealed. Consequently, I do not find this case to be appealable under the *Cohen* exception.

When an interlocutory order is not immediately appealable by right, discretionary review may be sought. The proper procedure to seek discretionary review of an interlocutory order in this Court is to file a petition for review pursuant to Pa.R.A.P. 1311; *see e.g. Pyle v. Commonwealth,* 494 Pa. 323, 325, 431 A.2d 876, 876–77 (1981) (discretionary review of denial of admittance to ARD). As the majority notes, appellant has made no attempt to comply with the procedures dictated by the rules.

Moreover, even if the proper procedures were followed, I would deny discretionary review. Allowance of a discretionary appeal in cases such as this would tend to foster meritless and time-consuming appeals without a compelling justification. Appellant elected to limit his appellate rights by accepting ARD, even though he believed the terms to be illegal and excessive. Had he rejected the terms, proceeded to trial and been convicted, he still would have been able to challenge the alleged illegality and excessiveness of the ARD terms on direct appeal. *See Commonwealth v. Burdge,* 345 Pa.Super. 187, 497 A.2d 1367 (1985) (per Tamilia, J.) (court's ARD conditions invalid, conviction reversed, case remanded for reconsideration of acceptance into ARD program); *see also Commonwealth v. Roeder,* 353 Pa.Super. 137, 509 A.2d 373 (1986) (alleged abuse of discretion by D.A. in setting policy denying ARD to anyone with a prior record challenged on direct appeal from conviction, albeit unsuccessfully); *Commonwealth v. Kiehl,* 353 Pa.Super. 353, 509 A.2d 1313 (1986) (conviction reversed and case remanded for hearing to have district attorney disclose on the record the reason(s) for denying appellant admission to ARD).

Neither law nor equity requires that we grant an extraordinary interlocutory appeal to an appellant whose predicament is caused solely by his own election to accept the

ARD conditions which he now alleges to be illegal and excessive. I would not do so here.

TAMILIA, Judge, dissenting:

I respectfully dissent. The holding of the majority and concurring opinions continues the anomaly created by *Commonwealth v. Becker*, 366 Pa.Super. 54, 530 A.2d 888 (1987), which holds that *acceptance* of A.R.D. is a *conviction* for limited purposes. If acceptance is a conviction for *any* purpose, it must be appealable; otherwise the right of appeal does not exist in a matter which may have serious penal consequences to a defendant.

The reasoning of the majority would permit only an immediate right of termination of A.R.D. by an accused, for refusal to agree with one of its conditions, which would leave him technically with a conviction for having *accepted* A.R.D. This would permit the Commonwealth to proceed against him de novo on the original charge and even if he was acquitted at the de novo hearing, his *acceptance* of A.R.D. would technically be a conviction for sentencing purposes on a subsequent offense. With each new turn, in treating *acceptance* as conviction, we compound the irrationalities and inconsistencies propounded by *Becker*.

I believe the *Becker* dissent, by Cirillo, P.J., joined by Del Sole and Tamilia, JJ., properly propounds the rule that acceptance of A.R.D. is not a conviction and only completion of the program may be deemed as a conviction.

Under the dissent in *Becker*, there is no doubt that A.R.D. acceptance would be interlocutory and not appealable. Under the majority holding however, I believe A.R.D. *acceptance* must be appealable as it is a final determination of a defendant's status as a convicted person and will have penal consequences in the event of further violations.

I would not quash the appeal but determine the issue on its merits.