642 A.2d 1130

**COMMONWEALTH of Pennsylvania**

v.

**Steven Wayne RUDY, Appellant.**

Superior Court of Pennsylvania.

Submitted May 16, 1994.

Filed June 8, 1994.

David D. Noon, Sunbury, for appellant.

Gregory A. Stuck, Asst. Dist. Atty., Sunbury, for Com., appellee.

Before POPOVICH, JOHNSON and HESTER, JJ.

HESTER, Judge.

Steven Wayne Rudy appeals from the order entered in the Court of Common Pleas of Northumberland County on June 15, 1993, which terminated him from an ARD program due to a violation of one of its conditions. For the reasons set forth below, we quash.

The procedural history of this case may be summarized as follows. On February 24, 1992, appellant was arrested and charged with careless driving, driving with a blood alcohol content of .10% or greater, driving while under the influence of alcohol to such a degree as to render him incapable of driving safely, and failing to comply with general lighting requirements. He subsequently requested placement in an ARD program. On September 3, 1992, the Commonwealth concurred with this request and moved the trial court to place him on ARD. Appellant then acceded to the various conditions of ARD, including the condition that he obey the law and be of good behavior during his twelve-month participation in the program. Accordingly, the trial court entered an order granting the Commonwealth's motion.

On February 11, 1993, alleging that appellant had been arrested for several offenses, including driving while under the influence of alcohol, the Commonwealth moved for appellant's termination from ARD due to his violation of the condition of good behavior. On June 15, 1993, after conducting a hearing on the matter, the trial court concluded that appellant had violated the condition in question and entered the contested order. This timely appeal followed.

■ It long has been clear that a criminal defendant may not appeal from an order which terminates his participation in an ARD program due to a violation of one of its conditions. *See* Pa.R.Crim.P. 184(c). Appellant, however, attempts to overcome this prohibition by relying upon a statement taken from *Commonwealth v. Feagley,* 371 Pa.Super. 593, 538 A.2d 895 (1988), a case in which we considered the effect of a defendant's challenge to the appropriateness of an ARD condition following his placement in the program. According to appellant, the statement in question, which consists of one full sentence and part of another, indicates that the prohibition against appeals from orders terminating participation in ARD due to a violation of conditions is contrary to due process. We find appellant's claim devoid of merit.

When examined in their entirety, the two sentences relied upon by appellant state:

> Thus, rule 184(c) appears to bar the taking of an appeal from *any* Order terminating the program, whether the reason is for violation of a condition of the program or because a defendant, like appellant, disagrees with any of the conditions imposed by the hearing court. It does not stand to reason and is abhorrent to due process considerations to disallow an appeal from an Order terminating a defendant whose freedom hangs in substantial jeopardy as a result of violation of his ARD conditions pursuant to Rule 184(c), whereas a defendant, like appellant, who may opt out of the program, is given the unqualified right to ask that we, as an *appellate* tribunal, pass judgment upon a matter which, we believe, is before us in an unripe posture and for which the ARD rules provide a remedy at the trial court level.

*Commonwealth v. Feagley, supra,* 371 Pa.Super. at 602, 538 A.2d at 899 (emphasis in original). Contrary to appellant's argument, this quotation does not support the conclusion that the denial of an immediate right of appeal offends due process principles. Rather, the language merely indicates that it would be unreasonable to disallow an appeal from an order terminating participation in an ARD program for a failure to

comply with its conditions and permit a defendant to appeal a condition's propriety immediately after placement in ARD. Thus, as we find appellant's reliance upon *Feagley* misplaced, we are constrained to quash.[1]

We note that our decision to quash does not preclude review of any issue relating to the propriety of the termination order, which effectuated the revival of criminal proceedings held in abeyance by appellant's admission into the ARD program. *See Commonwealth v. Feagley, supra.* Since a criminal defendant may appeal from the imposition of a final judgment of sentence, *see Commonwealth v. Getz*, 410 Pa.Super. 28, 598 A.2d 1309 (1991), it merely delays such review until the charges are resolved adversely to appellant and the trial court actually imposes sentence.

Appeal quashed.

---

1. We note that the Commonwealth indicates that orders such as the one presently at issue may be challenged directly through an interlocutory appeal by permission. However, we need not consider the correctness of the Commonwealth's argument since appellant has failed to invoke the procedures necessary for filing such an appeal. *See* 42 Pa.C.S. § 702; Pa.R.A.P. 1311.