J-S17036-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHANICE POWELL | : | No. 1510 MDA 2020 |

Appeal from the Order Entered November 10, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002802-2018

BEFORE: STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED JUNE 22, 2021**

The Commonwealth appeals the November 10, 2020 order of the Court of Common Pleas of Dauphin County (trial court) readmitting Shanice Powell into the Accelerated Rehabilitative Disposition Program (ARD)[1] and immediately dismissing her pending criminal charges. The Commonwealth argues – and the trial court now agrees – that the order was erroneous because the Commonwealth never recommended Powell's readmission into ARD. We find merit in this claim and vacate the subject order on that ground.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] "[A]cceptance into and satisfactory completion of [ARD] offers the defendant an opportunity to earn a dismissal of the pending charges[.]" Pa.R.Crim.P. 312(1).

**I.**

On June 1, 2018, Powell was charged with retaliating against a witness (42 Pa.C.S. § 4953(a)) and terroristic threats (42 Pa.C.S. § 2706(a)(1)). In lieu of criminal proceedings, Powell was admitted into the ARD program. However, on August 7, 2020, the Commonwealth moved to have Powell's admission revoked due to violations of the program's conditions.

On September 24, 2020, the trial court held a revocation proceeding, at the end of which Powell was revoked from ARD. Further, since Powell had failed to appear at the hearing, the trial court issued a bench warrant for her arrest.

On November 5, 2020, Powell appeared before the trial court. Her counsel requested that the order of revocation be rescinded and replaced by an order of "unsuccessful discharge" resulting in a dismissal of Powell's pending criminal charges. At the hearing, the following exchange took place between the trial court, defense counsel and the assistant district attorney (ADA) assigned to the case:

> Defense Counsel: So, well, I don't think that - I was initially asking for an unsuccessful discharge or a charge reduction, **but I don't believe [the ADA] has had an opportunity to get that approved yet**. So potentially . . .

> Trial Court: **I'm giving her an unsuccessful discharge. The case is closed. Thank you.** She still has to pay the fines and costs, so that will be sent to monetary compliance.

> Defense Counsel: Okay.

> Trial Court: All right. Thank you.

ADA: Remember the order we did where readmitted into ARD –

Defense Counsel: Yeah.

ADA: - and then discharged?

Defense Counsel: Okay.  So I'll get an order to chambers then at some point today.

Trial Court: Thank you.

Defense Counsel: And, [Powell], what that essentially means is that the case has been discharged, I guess, but it won't be expunged.  So you won't have a conviction on your record but it will show at some point in time you were charged with a crime.

Powell: Okay.

Hearing Transcript, 11/5/2020, at pp. 5-6 (emphasis added).

A few days after the hearing, the trial court entered an order rescinding Powell's ARD revocation status and awarding her an "unsuccessful discharge" from ARD.  The order reads:

AND NOW, this 10th day of November, 2020, with the agreement of the District Attorney and Defense Counsel:

IT IS HEREBY ORDERED that the Defendant's ARD revocation status be rescinded, and that the Defendant be readmitted to the ARD program.

IT IS FURTHER ORDERED that the Defendant be granted an unsuccessful discharge from the ARD Program.  As such, the criminal record underlying participation in the ARD program shall not be expunged.

Trial Court Order, 11/10/2020.

The Commonwealth appealed, certifying that the trial court entered either a final order under Pa.R.A.P. 341(a) or an appealable interlocutory order

- 3 -

under Pa.R.A.P. 311(d).  In its 1925(a) opinion, the trial court agreed with the Commonwealth that it erred in readmitting and then unsuccessfully discharging Powell from the ARD program on November 10, 2020.  **See** Trial Court 1925(a) Opinion, 2/11/2021, at 1-2.

**II.**

The Commonwealth asserts in this appeal that the order readmitting Powell into ARD must be vacated because the trial court entered it without the Commonwealth's consent.[2]  Powell responds that this Court lacks jurisdiction to review the trial court's order because it is interlocutory and non-final.  She claims further that the Commonwealth waived the issue by acquiescing to the trial court's action and waiting until this appeal to dispute her readmission and discharge from ARD.[3]

---

[2] The Commonwealth also makes the related claim that the trial court could not modify or rescind its initial order of ARD revocation because it had been entered over 30 days prior to Powell's readmission into ARD.  **See** 42 Pa.C.S. § 5505 (authorizing the trial court up to 30 days to modify an order from its date of entry).  While we find that the trial court's order is erroneous because the Commonwealth never consented to Powell's readmission into ARD, we note that 42 Pa.C.S. § 5505 would not preclude a defendant's readmission into ARD 30 days after a revocation as long as the Commonwealth consents to it.

[3] "Jurisdiction is purely a question of law; the appellate standard of review is *de novo* and the scope of review is plenary."  **Commonwealth v. Elia**, 83 A.3d 254, 265 (Pa. Super. 2013) (quoting **Commonwealth v. Boyle**, 532 A.2d 306, 309-10 (Pa. 1987)).

**A.**

Before addressing the substantive issue of the subject order's validity, we must determine whether this Court has appellate jurisdiction. ***See Commonwealth v. Williams***, 86 A.3d 771, 777 (Pa. 2014) (quoting ***Burger v. Sch. Bd. Of McGuffey Sch. Dist***., 923 A.2d 1155, 1161 (Pa. 2007)) ("A jurisdictional challenge is typically a threshold question, with review of the substantive issues following a jurisdictional question only if the [appellate] court is found to possess jurisdiction."); ***see also Commonwealth v. Horn***, 172 A.3d 1133, 1135-36 (Pa. Super. 2017) (same).

Generally, only final orders are immediately reviewable by an appellate court, in large part because this practice "promotes formality, completeness, and efficiency." ***See Shearer v. Hafer***, 177 A.3d 850, 855-56 (Pa. 2018). A final order is "any order that (1) disposes of all claims and of all parties; or … (3) is entered as a final order pursuant to [Pa.R.A.P. 341 (c)]." Pa.R.A.P. 341(b).[4] Our appellate jurisdiction turns on whether the order before us fully disposed of Powell's criminal charges. ***See Horn***, 172 A.3d at 1135-36.

---

[4] Pa.R.A.P. 341(c) specifies that the trial court "may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case." Any order that adjudicates "fewer than all the claims and parties" is not a final order absent a determination of finality. ***Id***.

Although several cases hold that an order revoking ARD is interlocutory,[5] the trial court did not merely remove Powell from the program so that her criminal proceedings could resume, as is contemplated by the procedural rules that govern ARD. **See** Pa.R.Crim.P. 315, 318; **see also** 75 Pa.C.S. § 3807(e). Here, the trial court simultaneously readmitted Powell into ARD, "unsuccessfully discharged" her from the program, and dismissed her criminal charges. It was understood by all parties that this dismissal was with prejudice, precluding the Commonwealth from resuming prosecution.

Because the subject order disposed of all claims and of all parties in the case, it was final for the purposes of Pa.R.A.P. 341, making it immediately reviewable. **See Commonwealth v. Boos**, 620 A.2d 485 (Pa. 1993) (holding that defendant's admission into ARD was a reviewable final order because it resolved the defendant's criminal charge, precluding the resumption of prosecution).

**B.**

The finality of the trial court's order permits us to evaluate the merits of the Commonwealth's claim that trial court had no authority to readmit and revoke Powell from ARD without the Commonwealth's consent.

Pa.R.Crim.P. 310 provides that "[a]fter criminal proceedings in a court case have been instituted, the attorney for the Commonwealth may move,

---

[5] **See Commonwealth v. Kraft**, 739 A.2d 1063, 1064 (Pa. Super. 1999); **Commonwealth v. Rudy**, 642 A.2d 1130 (Pa. Super. 1994).

before a judge empowered to try court cases, that the case be considered for accelerated rehabilitative disposition." The "initial decision to recommend a case for ARD lies solely with the prosecutor who has wide discretion in this recommendation." ***Commonwealth v. Cline***, 800 A.2d 978 (Pa. Super. 2002). "[T]he attorney for the Commonwealth must be free to submit a case or not submit it for ARD consideration based on [his, her, or their] view of what is most beneficial for society and the offender." ***Commonwealth v. Lutz***, 495 A.2d 928, 935 (Pa. 1985).

At the hearing held on November 5, 2020, defense counsel asked that Powell be readmitted into ARD so that she could receive an "unsuccessful discharge" resulting in the dismissal of the criminal case. The ADA did *not* recommend to the trial court that the prior order of ARD revocation should be rescinded, that Powell should be readmitted into ARD, or that she should then be unsuccessfully discharged.

In fact, it was stated on the record that the Commonwealth had not yet approved of such action. ***See*** Hearing Transcript, 11/5/2020, at pp. 5-6. While the ADA did not object to defense counsel's proposal, the record reflects that Powell's readmission to ARD was contingent on the approval of the ADA's supervisor. Nevertheless, the trial court entered an order on November 10, 2020, affording Powell the benefit of ARD without the Commonwealth's approval. The trial court explained in its 1925(a) opinion that the order was entered in error due to a misunderstanding about what had transpired at the

hearing on November 5, 2020. **See** Trial Court 1925(a) Opinion, 2/11/2021, at 1-2.

Regardless, under Pa.R.Crim.P. 310, a defendant cannot be entered into ARD without the Commonwealth's recommendation, and no such recommendation was made here. We, therefore, hold that the trial court erred in readmitting Powell into ARD, unsuccessfully discharging her, and dismissing her criminal case based on the discharge. To remedy the error, the subject order is vacated and the case is remanded so that it may resume in a manner consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2021