598 A.2d 1309

**COMMONWEALTH of Pennsylvania**

v.

**Dennis Eugene GETZ, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1991.

Filed Nov. 12, 1991.

Charles R. Rosamilia, Jr., Lock Haven, for appellant.

Merritt E. McKnight, Dist. Atty., Lock Haven, for Com., appellee.

Before POPOVICH, HUDOCK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from a non-final order which set the amount of restitution to be paid by appellant as a condition for his acceptance into an Accelerated Rehabilitative Disposition (ARD) program. For the reasons set forth below, we quash this appeal as interlocutory.

Appellant, Dennis Eugene Getz, was placed in the ARD program in Clinton County on January 5, 1990 after being charged with three counts of arson,[1] one count of burglary,[2] and one count of criminal mischief.[3] Appellant's acceptance into the ARD program was conditioned on his agreeing, *inter alia,* to comply with his duty to make restitution to his victims for the fire damages resulting from the incidents of arson. The amount of restitution was to be determined by the Clinton County Adult Probation Services, subject to appellant's right to a hearing before the court of common pleas on the question of damages. Such a hearing was in fact conducted by the trial court. After the restitution hearing, the lower court entered an order directing appellant to pay the sum of eight thousand seven hundred and forty dollars ($8,740.00). Instead of complying with the lower court's decision, however, appellant elected to file a notice of appeal from the order setting the amount of restitution.

1. 18 Pa.C.S.A. § 3301(a)(1), (c)(1), and (c)(2).
2. *Id.* § 3502(a).
3. *Id.* § 3304(a)(1).

30

■ The general rule in Pennsylvania is that a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory. *Commonwealth v. Albert,* 306 Pa.Super. 472, 474, 452 A.2d 822, 823 (1982), *quoting Commonwealth v. Myers,* 457 Pa. 317, 319, 322 A.2d 131, 132 (1974). An ARD determination provides no exception to the general rule. Rather, it constitutes a non-final proceeding in which the resolution of the criminal prosecution is merely held in abeyance. *Commonwealth v. Krall,* 290 Pa.Super. 1, 5, 434 A.2d 99, 101 (1981). Acceptance of ARD is an interlocutory matter and consequently is not appealable. *See, e.g., Commonwealth v. Feagley,* 371 Pa.Super. 593, 538 A.2d 895 (1988). Thus the merits of the claims raised by appellant are not properly before this court.

■ Under the lower court's order of January 5, 1990, the restitution complained of by appellant was a condition for his acceptance in the ARD program. As the Honorable Charles F. Greevy has correctly stated in the lower court opinion filed February 21, 1991, proceeding under the ARD program is not a right. Trial court opinion at 5. *Accord Commonwealth v. Feagley, supra.* Appellant's remedy, if he is dissatisfied with the terms and conditions of the ARD program, is to notify the trial court and the District Attorney of Clinton County regarding his non-acceptance. Pursuant to Pa.R.Crim.P., Rules 179(d), 183, and 184(c), 42 Pa.C.S.A., the trial court may then enter a non-appealable interlocutory order terminating appellant's participation in the program. Appellant's case would then proceed to the trial which has been postponed during the term of appellant's participation in the ARD program. *Id.*

Appeal quashed.