J-S77023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JESSICA TAYLOR CAPPS | |
| Appellant | No. 722 MDA 2016 |

Appeal from the Order Entered April 28, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-MD-0000441-2016

BEFORE:  PANELLA, OLSON and PLATT,* JJ.

DISSENTING MEMORANDUM BY OLSON, J.:     **FILED FEBRUARY 24, 2017**

Appellant, Jessica Taylor Capps, appeals from the order entered on April 28, 2016, denying Appellant's "Motion to Be Removed from ARD[1] Program."  I believe that the order at issue is not a final order, therefore, this is an interlocutory appeal that must be quashed.  Thus, I respectfully dissent.

The trial court ably summarized the underlying facts of this appeal.  I quote, in part, from the trial court's opinion:

> On October 31, 2015, the Kutztown University Police . . . encountered Appellant and suspected her of underage drinking.  On or about November 6, 2015, Appellant was cited for violating 18 Pa.C.S.A. § 6308(a)[, which prohibits the purchase or consumption of alcohol by a minor].  On

---

[1] "ARD" stands for "accelerated rehabilitative disposition."

*Retired Senior Judge assigned to the Superior Court.

November 23, 2015, Appellant [pleaded] not guilty before [the magisterial district judge]. Her summary trial was set for January 6, 2016. . . .

[On January 6, 2016, the district judge placed Appellant into a pre-adjudication disposition program (hereinafter "pre-adjudication disposition program" or "ARD program")]. Appellant entered into the [] program and was permitted to take [an] underage drinking course, on-line, through the 3rd Millennium course, instead of [in-person] in Berks County, so she would not have to drive to Berks from Bucks County, where she resides. On February 16, 2016, Appellant received a letter from the Pennsylvania Department of Transportation that her privilege to operate a motor vehicle was being suspended for 90 days, effective March 22, 2016.[2] . . .

_____

[2] 18 Pa.C.S.A. § 6308(c)(2) declares: "[t]he use of a preadjudication disposition shall be considered a first or subsequent offense, whichever is applicable, for the purpose of further adjudication under this section or under section 6310.4 [(relating to "restriction of operating privileges")]." 18 Pa.C.S.A. § 6308(c)(2). Section 6310.4 specifically declares:

**(a) General rule.--**Whenever a person is convicted or is adjudicated delinquent or is admitted to any preadjudication program for a violation of . . . [18 Pa.C.S.A. §] 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) . . . the court, including a court not of record if it is exercising jurisdiction pursuant to 42 [Pa.C.S.A.] § 1515(a) (relating to jurisdiction and venue), shall order the operating privilege of the person suspended. A copy of the order shall be transmitted to the Department of Transportation.

**(b) Duration of suspension.--**When the department suspends the operating privilege of a person under subsection (a), the duration of the suspension shall be as follows:

(1) For a first offense, a period of 90 days from the date of suspension. . . .

*(Footnote Continued Next Page)*

Trial Court Opinion, 6/8/16, at 1.

On March 16, 2016, Appellant filed a "Motion to Be Removed from ARD Program." As Appellant alleged, during her hearing before the magisterial district judge, the district judge "misinformed" Appellant as to the collateral consequences of her entry into the pre-adjudication disposition program. Appellant's "Motion to Be Removed from ARD Program," 3/16/16, at 4. Specifically, Appellant averred:

> [during the hearing and p]rior to entering the program[,] . . . [Appellant] informed the magisterial district judge that she required her driver's license as she lived in Bucks County and would be otherwise unable to attend classes [at Temple University, where she attends college. In response to her statement,] the magisterial district judge replied "Today is your lucky day." [Appellant] reasonably took this response to mean that her privilege to operate motor vehicles would not be suspended so she agreed to enter the [pre-adjudication disposition] program.

*Id.* at 2 (some internal capitalization omitted).

Appellant claimed that she only entered the pre-adjudication disposition program because of the magisterial district judge's assurance that her motor vehicle operating privileges would not be suspended. *Id.* at 3-4. Further, Appellant claimed, had she known that her operating privileges would be suspended upon entry into the pre-adjudication disposition program, she would not have entered the program and would have, instead, proceeded to trial. *Id.* Appellant also claimed that she filed

*(Footnote Continued)* ——————————

18 Pa.C.S.A. § 6310.4.

- 3 -

her "Motion to Be Removed from ARD Program" soon after receiving notice that her motor vehicle operating privileges were being suspended and that any delay in filing the motion was the result of a "breakdown in the operations of [the magisterial district] court." *Id.* Appellant requested that the trial court "grant her motion to be removed from [the pre-adjudication disposition] program and [remand the matter] to the magisterial district court for a trial *de novo*." *Id.* at 5.

On March 24, 2016, the trial court issued a rule upon the Commonwealth to show cause as to why Appellant's motion should not be granted. The trial court ordered that the rule was returnable on April 27, 2016. Trial Court Order, 3/24/16, at 1.

On April 27, 2016, the parties appeared before the trial court and the trial court heard argument on Appellant's motion. However, the trial court refused Appellant's request to testify. N.T. Oral Argument, 4/27/16, at 5-6.

The trial court denied Appellant's motion on April 28, 2016 and Appellant filed a timely notice of appeal.

As we have explained, prior to reaching the merits of any appeal, this Court must "first ascertain whether the [order appealed from] is properly appealable." *Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa. Super. 1997). Indeed, since "the question of appealability implicates the jurisdiction of this Court[, the issue] may be raised by [this] Court *sua sponte*." *Commonwealth v. Baio*, 898 A.2d 1095, 1098 (Pa. Super. 2006).

In general, this Court's jurisdiction "extends only to review of final orders." **Rae v. Pa. Funeral Dir's Ass'n**, 977 A.2d 1121, 1124-1125 (Pa. 2009); 42 Pa.C.S.A. § 742; Pa.R.A.P. 341(a). A final order is defined as any order that: "(1) disposes of all claims and of all parties; [] (2) is explicitly defined as a final order by statute; or (3) is entered as a final order pursuant to [Pennsylvania Rule of Appellate Procedure 341(c)]." Pa.R.A.P. 341(b). With respect to criminal cases, the general rule "is that a defendant may appeal only from a final judgment of sentence, and an appeal from any prior order or judgment will be quashed." **Commonwealth v. Kurilla**, 570 A.2d 1073, 1073 (Pa. Super. 1990). The purpose of this rule is to "prevent undue delay and avoid the disruption of criminal cases by piecemeal appellate review." **Commonwealth v. Scott**, 578 A.2d 933, 941 (Pa. Super. 1990) (internal quotations, citations, and corrections omitted).

In this case, Appellant was not convicted of any crime and the trial court did not impose a judgment of sentence. Rather, Appellant was charged with underage drinking and the magisterial district judge admitted Appellant to a **pre-adjudication disposition program** pursuant to 18 Pa.C.S.A. § 6308(c) and 42 Pa.C.S.A. § 1520.

Section 6308(c), which is a subsection entitled "preadjudication disposition," declares:

> (1) When a person is charged with violating [18 Pa.C.S.A. § 6308(a) (relating to underage drinking)], the magisterial district judge may admit the offender to the adjudication alternative as authorized in 42 Pa.C.S.A. § 1520 (relating to adjudication alternative program) or any other

- 5 -

preadjudication disposition if the offender has not previously received a preadjudication disposition for violating [Section 6308(a)].

(2) The use of a preadjudication disposition shall be considered a first or subsequent offense, whichever is applicable, for the purpose of further adjudication under this section or under section 6310.4 [(relating to "restriction of operating privileges")].

18 Pa.C.S.A. § 6308(c).

Section 1520 of the Judicial Code, entitled "adjudication alternative program," declares in relevant part:

**(a) General rule.**-- . . . the magisterial district judge may, upon hearing the facts of a case, admit to an appropriate adjudication alternative authorized by this section persons charged with summary offenses. The defendant shall not be required to plead guilty to be accepted by the magisterial district judge into the program. Acceptance of participation in an alternative authorized by this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of an offense shall be considered a second or subsequent conviction.

**(b) Public service programs and other adjudication alternatives.--**A magisterial district judge may, in lieu of making a disposition, place an offender in an appropriate program in which a public service or charitable agency or organization or political subdivision agrees to assume supervisory responsibility for the offender. The program in general shall be approved by the court of common pleas having supervision over that magisterial district. This program may include work, counseling, public service, job training, education or other appropriate community service or self-improvement. The placement authorized by the magisterial district judge shall be appropriate to the offense charged and in the best interests of the community and the offender. . . .

**(c) Completion of program.--**The magisterial district judge shall provide written notice to the public service or

charitable agency or organization or political subdivision of the placement of the offender. Upon notification, the public service or charitable agency or organization or political subdivision shall, as a condition to agreeing to accept responsibility for supervision of the offender, make periodic reports on the fulfillment of the conditions and a final report upon the completion of the appropriate adjudication alternative as required by the supervising magisterial district judge. The magisterial district judge shall dismiss the charges and shall relieve the offender of the obligation to pay any fine or serve any sentence of imprisonment upon the successful completion of the program.

**(d) Refusal to accept or complete program.--**If the offender refuses to accept the conditions required by the magisterial district judge or fails to complete the program without good cause or violates any condition of the program without good cause, the magisterial district judge shall proceed on the charges as provided by law.

42 Pa.C.S.A. § 1520.

Therefore, in accordance with Section 1520: Appellant was not required to (and Appellant did not) plead guilty in order to be "accepted by the magisterial district judge into the program;" the magisterial district judge placed Appellant in the pre-adjudication disposition program "in *lieu* of making a disposition;" if Appellant chooses to complete the program, "[t]he magisterial district judge shall dismiss the charges" against Appellant; and, if Appellant either "refuses to accept the conditions required by the magisterial district judge or fails to complete the program," "the magisterial district judge shall proceed on the charges as provided by law." 42 Pa.C.S.A. § 1520.

Given the unique nature of an order that accepts a defendant into a pre-adjudication disposition program, this Court has held that "[a]cceptance

of ARD is an interlocutory matter and consequently is not appealable."

***Commonwealth v. Getz***, 598 A.2d 1309, 1309 (Pa. Super. 1991). As we

explained:

> The general rule in Pennsylvania is that a defendant may appeal only from a final judgment of sentence and an appeal from any prior order will be quashed as interlocutory. An ARD determination provides no exception to the general rule. Rather, it constitutes a non-final proceeding in which the resolution of the criminal prosecution is merely held in abeyance. Acceptance of ARD is an interlocutory matter and consequently is not appealable. . . .
>
> [P]roceeding under the ARD program is not a right. **[An a]ppellant's remedy, if [she] is dissatisfied with the terms and conditions of the ARD program, is to notify the trial court and the [district attorney] regarding [her] non-acceptance. . . . [T]he trial court may then enter a non-appealable interlocutory order terminating [the] appellant's participation in the program. [The a]ppellant's case would then proceed to the trial which has been postponed during the term of [the] appellant's participation in the ARD program.**

***Id.*** at 1309 (internal citations omitted) (emphasis added); ***see also***

***Commonwealth v. Feagley***, 538 A.2d 895 (Pa. Super. 1988) (quashing

appeal from an order that accepted the appellant into an ARD program,

where the appellant wished to challenge the "statutorily mandated license

suspension of [12] months," because an order accepting an individual into

an ARD program is interlocutory) (*superseded by rule on other grounds by*

***Commonwealth v. Coleman***, 854 A.2d 978 (Pa. Super. 2004)); ***see also***

***Commonwealth v. Wrona***, 83 A.3d 1057 (Pa. Super. 2013) (unpublished

memorandum) at 1-5 (quashing appeal from the trial court's order that

denied the appellant's "motion to withdraw from the court's [ARD] program" because the order is interlocutory and unappealable).

In accordance the above precedent, I must conclude that the trial court's order denying Appellant's "Motion to Be Removed from ARD Program" is not a final order, as "[a]cceptance of ARD is an interlocutory matter." *Getz*, 598 A.2d at 1309. Therefore, Appellant is appealing an interlocutory determination of the trial court.

Further, while interlocutory orders are appealable in certain circumstances, none of those circumstances apply to the case at bar. Our Supreme Court has explained:

> in addition to an appeal from final orders of the Court of Common Pleas, our rules provide the Superior Court with jurisdiction in the following situations: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P. [312]; appeals that may be taken from a collateral order, Pa.R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342.

*Commonwealth v. Garcia*, 43 A.3d 470, 478 n.7 (Pa. 2012) (internal quotations omitted), *quoting* *McCutcheon v. Phila. Elec. Co.*, 788 A.2d 345, 349 n.6 (Pa. 2002).

Here, the challenged order is not defined as appealable as of right (*per* Pa.R.A.P. 311), Appellant did not ask for or receive permission to appeal the interlocutory order (*per* Pa.R.A.P. 312), and Appellant has not provided this Court with any argument as to whether – or how – the order could satisfy

the collateral order doctrine (*per* Pa.R.A.P. 313).  Thus, since we do not have jurisdiction, I would quash Appellant's appeal.[3]  **See** 42 Pa.C.S.A. § 742.

---

[3] Throughout the learned Majority's memorandum, the Majority refers to Appellant's "conviction" – and the Majority thus utilizes the standard, procedure, and requirements for "[a] party seeking leave to appeal from a summary conviction *nunc pro tunc*."  **See** Majority Memorandum at 3, *quoting* **Commonwealth v. Yohe**, 641 A.2d 1210, 1211-1212 (Pa. Super. 1994); **see also** Majority Memorandum at 1-5.  Respectfully, this is where I believe that the Majority errs.  To be sure, **Appellant was not convicted of anything**.  Instead, as was explained above, Appellant was charged with underage drinking and the magisterial district judge **admitted Appellant to a pre-adjudication disposition program** pursuant to 18 Pa.C.S.A. § 6308(c) and 42 Pa.C.S.A. § 1520.