IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Megan Elizabeth Rickell,       :
             Appellant     :
          v.          :   No.  1034 C.D. 2020
                      :   Submitted:  May 27, 2022
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing     :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE DUMAS                    FILED: February 24, 2023

         Megan Elizabeth Rickell (Licensee) appeals from the order of the Court of Common Pleas of Adams County (trial court), which dismissed Licensee's appeal of the 12-month suspension of her operating privilege imposed by the Commonwealth of Pennsylvania (Commonwealth), Department of Transportation, Bureau of Driver Licensing (PennDOT).  Upon careful review, we reverse.

## I. BACKGROUND[1]

         On March 8, 2019, Licensee was arrested and charged with two ungraded misdemeanor counts of Driving Under the Influence of Alcohol or a Controlled Substance (DUI).[2]  On September 17, 2019, Licensee was accepted into an Accelerated Rehabilitative Disposition (ARD) Program,[3] but prior to completion,

---

[1] Unless stated otherwise, we derive this background from the decision of the trial court, which is supported by the record.  *See* Trial Ct. Op., 12/15/20.

[2] 75 Pa. C.S. § 3802.

[3] ARD is a pretrial disposition for a stay of prosecution of charges for an agreed-upon time period in exchange for a defendant's successful participation in a rehabilitative program. *Commonwealth v. Lutz*, 495 A.2d 928, 931 (Pa. 1985).  If a defendant completes the ARD program successfully, the original charges against him will be dismissed.  *Id*.  However, if a defendant does not complete the ARD program, he or she may be prosecuted on the original charges.  *Id*.

her ARD was revoked for new criminal charges. Thereafter, on May 11, 2020, Licensee pleaded guilty to a single count of DUI as a first offense under Section 3802(a)(1).

On May 22, 2020, via mailed notice, PennDOT suspended Licensee's operating privilege for 12 months pursuant to Section 3804(e)(2)(i) of the Vehicle Code, 75 Pa.C.S. § 3804(e)(2)(i). Licensee appealed to the trial court, which held a hearing *de novo*. Initially, the trial court granted Licensee's appeal and rescinded her license suspension pursuant to *Commonwealth v. Chichkin*, 232 A.3d 959 (Pa. Super. 2020), *overruled by Commonwealth v. Moroz*, 284 A.3d 227 (Pa. Super. 2022).[4]

However, upon reconsideration, the trial court declined to apply *Chichkin*, finding its application limited to criminal proceedings. Rather, the trial court determined that Licensee's acceptance into the ARD program was a "prior

---

[4] *Chichkin* held that Section 3806(a), 75 Pa.C.S. § 3806(a), which equated ARD acceptance to a "prior offense" for purposes of criminal penalties, was unconstitutional. *Chichkin*, 232 A.3d at 968-69. The parties disputed its impact. Licensee contends that *Chichkin* was controlling and applicable in civil license suspension proceedings insofar as ARD could not be regarded as a "prior offense." *See* Appellant's Br. at 16-18. PennDOT contends that *Chichkin* merely held that a criminal defendant's previous acceptance of ARD for a DUI violation could not be used as an enhanced sentencing factor when the defendant is convicted of, and sentenced for, a subsequent DUI violation. Appellee's Br. at 22. PennDOT argued that *Chichkin* did not impact the sections of the Vehicle Code that treated ARD as a fact for purposes of implementation of civil provisions of the Code, including license suspensions. *See id.* at 24-25. The trial court ultimately decided that *Chichkin* did not apply to civil license suspensions under Section 3806. *See* Trial Ct. Op. at 7. The parties renew these arguments before this Court. *See* Appellant's Br. at 16-18; Appellee's Br. at 22-25.

Subsequently, this Court determined that *Chichkin* was irrelevant to civil proceedings. *Ferguson v. Department of Transportation, Bureau of Driver Licensing*, 267 A.3d 628 (Pa. Cmwlth. 2021), *appeal granted*, (Pa., No. 28 MAL 2022, June 22, 2022), *transferred to & stay of suspension granted*, (Pa., No. 73 MAP 2022, filed July 7, 2022) (finding that *Chichkin's* holding does not apply to civil license suspension proceedings). Moreover, the Pennsylvania Superior Court has since overruled *Chichkin*. *Moroz*, 284 A.3d at 227. Therefore, we decline to address the parties' *Chichkin*-related arguments.

offense" for civil suspension purposes pursuant to the plain language of Section 3806. In further support of its decision, the trial court cited *Diveglia v. Department of Transportation, Bureau of Driver Licensing*, 220 A.3d 1167 (Pa. Cmwlth. 2019), in which this Court clarified that the term "prior offense" in civil proceedings included convictions as well as preliminary dispositions such as ARD.

Accordingly, the trial court sustained the 12-month suspension of Licensee's operating privilege. Licensee timely appealed to this Court.[5]

## II. ISSUE

Licensee contends that the trial court erred in concluding that her ARD acceptance constituted a prior offense under Section 3806(a). Appellant's Br. at 11-16.[6] According to Licensee, her single DUI offense impermissibly served as the underlying offense *both* for her ARD acceptance *and* for her conviction and sentencing following her ARD revocation. *Id*. at 13. Licensee avers that she is exempt from the 12-month suspension under Section 3804(e)(2)(iii) because there is only one offense at issue in this case, and thus, no "prior offense" exists. *Id*. at 10-11. She argues that her ARD acceptance, its subsequent revocation, and later conviction for a singular DUI offense "did not morph into two separate and distinct incidents or offenses for license suspension purposes." *Id*. at 12-13. Licensee highlights that Section 3806(a)'s language, *i.e.*, "sentencing on the present violation," reflects the need for both a "prior offense" and "present violation" or two specific offenses rather than a single criminal matter. *Id*. at 14.

---

[5] Pending disposition of this appeal, the trial court stayed the suspension. See Trial Ct. Order, 10/19/20. By order dated September 17, 2021, we held Licensee's appeal in abeyance pending the disposition of *Ferguson*, 267 A.3d at 628. Thus, the parties did not have the benefit of this Court's analysis in *Ferguson* when preparing their briefs in this case. Although *Ferguson* is currently on appeal before our Supreme Court, it remains good law at this time.

[6] Because Licensee's brief is not paginated, citations to her brief reflect electronic pagination.

PennDOT responds that the General Assembly has not defined "prior offense" to require two distinct violations. Appellee's Br. at 13. Rather, according to PennDOT, the General Assembly sought to encourage the successful completion of ARD and, conversely, dissuade ARD participants from conduct that could result in removal from the program. *Id.* at 13-14. Therefore, PennDOT suggests, the General Assembly intended an ARD acceptance to constitute a "prior offense" for those participants who fail to complete ARD successfully and are subsequently convicted for that singular violation of Section 3802(a)(1). *See* Appellee's Br. at 13-14.

Relying on this interpretation of Section 3806(a), PennDOT argues that Licensee's ARD acceptance constituted a "prior offense" because it occurred before her sentencing on May 11, 2020. *Id.* at 11-12. PennDOT further contends that Licensee's ARD acceptance meets the timing parameters set forth in Section 3806(b)(1)(i)-(ii), in that her "prior offense" occurred "after the date of the offense for which" she was sentenced. *See id.* at 12-13.

### III. DISCUSSION[7]

#### A. Introduction

DUI convictions impose both criminal and civil consequences, such as license suspensions, which are at issue here. Section 3804(e)(1) of the Vehicle Code obligates PennDOT to suspend a licensee's operating privilege following a conviction for an offense under Section 3802. 75 Pa. C.S. § 3804(e)(1)(i).

---

[7] "Our review is to determine whether the factual findings of the trial court are supported by [substantial] evidence and whether the trial court committed an error of law or abused its discretion." *Renfroe v. Dep't of Transp., Bureau of Driver Licensing*, 179 A.3d 644, 648 n.3 (Pa. Cmwlth. 2018).

4

Following a conviction for an ungraded misdemeanor, PennDOT must impose a 12-month license suspension. 75 Pa. C.S. § 3804(e)(2)(i).

However, licensees subject to suspensions may be eligible for a limited exception. Section 3804(e)(2)(iii) of the Vehicle Code provides that "[t]here shall be no suspension for an ungraded misdemeanor under [S]ection 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense." 75 Pa. C.S. § 3804(e)(2)(iii). Thus, this exception only applies if the following conditions are satisfied: the licensee (1) is convicted of an ungraded misdemeanor under Section 3802(a)(1); (2) is subject to penalties under Section 3804(a); and (3) does not have a "prior offense" as defined in Section 3806. *Becker v. Dep't of Transp., Bureau of Driver Licensing*, 186 A.3d 1036, 1037-38 (Pa. Cmwlth. 2018).

Here, the parties do not dispute that Licensee satisfies the first two conditions. Therefore, our focus on appeal involves the remaining condition, namely, whether Licensee's ARD acceptance for her DUI constituted a "prior offense" to her subsequent conviction for the same DUI.

### B. "Prior offense" under Section 3806

Instantly, we note that "when engaging in statutory construction, a court's duty is to give effect to the legislature's intent and to give effect to all of a statute's provisions." *Crown Castle NG E. LLC v. Pa. Pub. Util. Comm'n*, 234 A.3d 665, 674 (Pa. 2020) (citing 1 Pa. C.S. § 1921(a)). The best indication of legislative intent is "the plain language of the statute." *See id.* (citation omitted). When determining the plain meaning of the statute, we "consider the statutory language in context and give words and phrases their 'common and approved usage.'" *See id.* Where the language is clear and unambiguous, we must "give effect to the words of

5

the statute and not disregard the text to implement its objective." *See id.* (citing 1 Pa. C.S. § 1921(b)).

"Only if the statute is ambiguous, and not explicit, do we resort to other means of discerning legislative intent." *Id.*; *see, e.g.*, 1 Pa. C.S. § 1921(c) (enumerating further considerations). For example, we may presume that the legislature does not intend a result that is absurd, impossible of execution, or unreasonable. *Commonwealth v. Coleman*, 285 A.3d 599, 605 (Pa. 2022); 1 Pa. C.S. § 1922(1). A statute is ambiguous if there are two or more reasonable interpretations of the statutory language. *Giant Eagle, Inc. v. Workers' Comp. Appeal Bd. (Givner)*, 39 A.3d 287, 294 (Pa. 2012).

Section 3806 of the Vehicle Code defines "prior offense" for DUI purposes and is divided into two subsections.[8] Subsection (a) serves as a general

---

[8] Section 3806 provides:

> (a) General rule.--Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
>> (2) an offense under former section 3731;
>> (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
>> (4) any combination of the offenses set forth in paragraph (1), (2) or (3).
> (b) Timing.--
>> (1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have occurred:

6

rule, which is subject to certain temporal exceptions set forth in subsection (b). In relevant part, subsection (a) defines a "prior offense" as "any conviction" or "acceptance of [ARD]" that occurs "before the sentencing on the present violation." 75 Pa. C.S. § 3806(a)(1). Subsection (b) places limitations on this definition, stating that a "prior offense" must have occurred either "(i) within 10 years prior to the date of the offense for which the defendant is being sentenced" or "(ii) on or after the date of the offense for which the defendant is being sentenced." 75 Pa. C.S. § 3806(b)(1)(i)-(ii).[9] However, for purposes of the instant appeal, we focus on the language of Subsection (a). Accordingly, we examine the definition of the term "prior offense."

There are three aspects of the definition of "prior offense." As used in the chapter, it means a conviction or **acceptance of ARD** or other alternative disposition that occurs **before sentencing** on **the present violation**, *i.e.*, one of several enumerated offenses under Section 3802 relating to DUI. *See* 75 Pa. C.S. § 3806(a)(1) (emphasis added).

---

> (i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or
> (ii) on or after the date of the offense for which the defendant is being sentenced.
> (2) The court shall calculate the number of prior offenses, if any, at the time of sentencing.
> (3) If the defendant is sentenced for two or more offenses in the same day, the offenses shall be considered prior offenses within the meaning of this subsection.

75 Pa. C.S. § 3806.

[9] Recently, our Supreme Court interpreted the interplay between subsections 3806(a) and (b) in *Commonwealth v. Mock*, 219 A.3d 1155 (Pa. 2019), and determined that the 10-year lookback period for DUI offenses ran from the occurrence date of the present offense to the conviction date of the earlier DUI offense. *See id.* at 1164. *Mock* is not relevant to our discussion, *infra*, but did note that a "prior offense" cannot occur after a subsequent offense. *See id.* at 1162.

First, as noted *supra*, ARD is a pretrial disposition for a stay of prosecution of charges, for an agreed upon time, in exchange for a defendant's successful participation in a rehabilitative program. *Lutz*, 495 A.2d at 931. When the defendant completes the program successfully, the charges are dismissed; if the defendant does not complete the program, he or she may be prosecuted for the original charges. *Id.* As a result of these conditional requirements, Pennsylvania courts have held that acceptance of ARD constitutes a "non-final proceeding" in which the resolution of the criminal prosecution is "merely held in abeyance." *Commonwealth v. Getz*, 598 A.2d 1309, 1310 (Pa. Super. 1991) (citation omitted).[10] Therefore, acceptance of ARD is considered "an interlocutory matter." *See id.* Further, by its definition, ARD itself is not a charge or an offense; it is a disposition. *Lutz*, 495 A.2d at 931. In the context of Section 3806(a), ARD is a consequence or punishment for a DUI offense and constitutes the triggering factor for which the DUI offense may be considered a prior offense under the statute. *See, e.g.*, 75 Pa. C.S. § 3806(a)(1).

Next, the statute requires that the prior offense occur **before** sentencing on the **present** violation, which can be any of four enumerated offenses relating to DUI. *See* 75 Pa. C.S. § 3806(a)(1)-(4). The definition of "before" is "at an earlier time." *Before*, Merriam-Webster's Collegiate Dictionary (11th ed. 2020). The definition of "present" is "now existing or in progress;" "being in view or at hand;" "existing in something mentioned or under consideration;" and "constituting the one actually involved, at hand or being considered." *Present*, Merriam-Webster's

---

[10] Although Superior Court cases are not binding on this Court, such cases may offer persuasive precedent where they address analogous issues. *Commonwealth v. Monsanto Co.*, 269 A.3d 623, 679 n.20 (Pa. Cmwlth. 2021). The Superior Court cases cited herein are relied on for their persuasive value.

8

Collegiate Dictionary (11th ed. 2020). Thus, by the plain language of the statute, the prior offense must occur at an earlier time than the offense presently mentioned or under consideration. The most logical inference from the temporal language employed by the legislature is that there must be two separate and distinct offenses. *Crown Castle NG E. LLC*, 234 A.3d at 674; 1 Pa. C.S. § 1921(b).

Here, however, Licensee had a **single** DUI offense for which she had accepted ARD, and for which ARD was later revoked for new criminal charges *unrelated* to any of the enumerated offenses of Section 3806. *Cf. Moroz*, 284 A.3d at 232-33; *see also* 75 Pa. C.S. § 3806(a)(1). Stated differently, Licensee accepted ARD for her singular DUI offense, had her ARD revoked for her singular DUI offense, and, ultimately, entered a guilty plea to her singular DUI offense. This did not constitute two separate offenses under the statute; rather, it constituted one offense, and, ultimately, one disposition. *Lutz*, 495 A.2d at 931.

Our review has uncovered no prior case that would support PennDOT's construction. To the contrary, cases discussing the exception at Section 3804(e)(2)(iii) invariably involve multiple criminal episodes. *See, e.g.*, *Moroz*, 284 A.3d at 232 (defendant involved in a July 2019 DUI and August 2019 DUI); *Ferguson*, 267 A.3d at 630 (defendant involved in 2012 DUI and a July 2020 DUI); *Vellon v. Dep't of Transp., Bureau of Driver Licensing*, 263 A.3d 679 (Pa. Cmwlth. 2021) (defendant convicted of two separate instances of DUI committed on the same day and for purposes of the exception, this counted as a prior offense for purpose of license suspension), *appeal granted*, (Pa., No. 555 MAL 2021, Mar. 16, 2022).

To the extent that the language in Section 3806(a) is ambiguous, we turn to further principles of statutory construction, namely, that the General Assembly does not intend a result that is absurd or unreasonable. *See Coleman*, 285

A.3d at 605. PennDOT urges this Court (1) to find Licensee is not exempt from the 12-month license suspension because Licensee's ARD acceptance for a DUI occurred after she committed that DUI and (2) to conclude that she meets the time limits in subsection (b)(1)(ii). However, in doing so, PennDOT ignores the equally obvious fact that Licensee committed a singular DUI offense in this case. PennDOT's tortured construction of the statute as applied to the facts here is unreasonable, as it effectively treats Licensee's acceptance of ARD as an offense separate from the DUI. This is an absurd result that would result in Licensee receiving an increased suspension for a singular offense.

Based on the above, we reject PennDOT's argument that this is what the General Assembly intended when it enacted the most recent version of the statute. *See Coleman*, 285 A.3d at 605. Accordingly, the trial court committed an error of law when it denied Licensee's statutory appeal. *See, e.g.*, *Renfroe*, 179 A.3d at 648 n.3.

## IV. CONCLUSION

Based on the foregoing, we hold that Section 3806's plain language requires two separate and distinct offenses in order to establish that a licensee has a prior offense. Further, absent two separate and distinct offenses, a licensee remains eligible for the exception to suspension consequences defined at Section 3804(e)(2). Finally, to the extent Section 3806 is ambiguous, we conclude that the legislature did not intend for a licensee in the circumstances present here to be considered a second-time DUI offender for purposes of the license suspension provisions of the Vehicle Code. Accordingly, for these reasons, the trial court's order is reversed.

_____
LORI A. DUMAS, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Megan Elizabeth Rickell,     :
      Appellant  :
    v.      : No. 1034 C.D. 2020
           :
Commonwealth of Pennsylvania, :
Department of Transportation,  :
Bureau of Driver Licensing   :

# **O R D E R**

   **AND NOW**, this 24th day of February, 2023, the order of the Court of Common Pleas of Adams County, entered September 21, 2020, in the above-captioned matter, is REVERSED.

            _____
            LORI A. DUMAS, Judge