J-S38004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MEGAN DANIELLE WORZEL | : | No. 1457 EDA 2022 |

Appeal from the Order Entered April 27, 2022
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000098-2021

BEFORE: KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:            **FILED APRIL 20, 2023**

The Commonwealth appeals from the order denying its petition to terminate the participation of Megan Danielle Worzel ("Worzel") in the Accelerated Rehabilitation Disposition ("ARD") program. We quash the appeal.

The trial court summarized the relevant factual and procedural history as follows:

> [I]n . . . October . . . 2020, . . . Worzel . . . was taken into custody on suspicion of driving under the influence of alcohol after she collided with an electric pole and left the scene to return home and call emergency services. [In] June . . . 2021, [Worzel] was granted entry to the Pike County ARD program. [I]n March . . . 2022, the Commonwealth filed a motion to terminate [Worzel's] admission into the ARD program . . ., alleging that she tested positive for consumption of alcohol [in] December . . . 2021, in violation of the terms of her ARD supervision. On April 27, 2022, following a hearing on the motion, the trial court issued an order finding [Worzel] in violation of the terms of the ARD program, but denying the Commonwealth's request to terminate her participation in favor of adding an additional ninety (90) days to

her term of ARD supervision. On April 29, 2022, the Commonwealth filed a motion for reconsideration, averring that the court was required to terminate [Worzel's] participation in the ARD program. On May 26, 2022, the Commonwealth filed a notice of appeal to the Superior Court. On June 3, 2022, the trial court denied the motion for reconsideration as moot. [Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.]

Trial Court Opinion, 7/20/22, at 1-2 (unnecessary capitalization omitted).

The Commonwealth raises the following issue for our review: "Whether the lower court erred in denying the Commonwealth's motion to terminate [Worzel] from the ARD program, when it found that she was in violation of her conditions." Commonwealth Brief at 4 (unnecessary capitalization omitted).

Initially, we must determine whether we have jurisdiction over this appeal. *See Commonwealth v. Baio*, 898 A.2d 1095, 1098 (Pa. Super. 2006) (holding that, because the question of appealability implicates the jurisdiction of this Court, the issue may be raised by this Court *sua sponte*). The general rule in Pennsylvania is that a party may appeal only from a final judgment of sentence, and an appeal from any prior order will be quashed as interlocutory. *See Commonwealth v. Getz*, 598 A.2d 1309, 1310 (Pa. 1991); *see also* 42 Pa.C.S.A. § 742; Pa.R.A.P. 341(a). A final order is generally defined as any order that disposes of all claims and of all parties. *See* Pa.R.A.P. 341(b). The purpose of this rule is to prevent undue delay and avoid the disruption of criminal cases by piecemeal appellate review. *See Commonwealth v. Scott*, 578 A.2d 933, 941 (Pa. Super. 1990).

In examining ARD, this Court has explained:

ARD . . . is a pretrial disposition of certain cases, in which . . . the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes.

. . . [A]fter [a defendant] has completed the program successfully, the charges against [her] will be dismissed, upon order of court. If [s]he does not complete the ARD successfully, [s]he may be prosecuted for the offense with which [s]he was charged. The district attorney's utilization of ARD is optional under the rules.

*Commonwealth v. Lebo*, 713 A.2d 1158, 1161 (Pa. Super. 1998).

This Court has determined that an order regarding ARD is a non-appealable interlocutory order. "An ARD determination provides no exception to the general rule. Rather, it constitutes a non-final proceeding in which the resolution of the criminal prosecution is merely held in abeyance. Acceptance of ARD is an interlocutory matter and consequently is not appealable." *Getz*, 598 A.2d at 1310 (citations omitted); *see also Commonwealth v. Horn*, 172 A.3d 1133, 1137-38 (Pa. Super. 2017) (citing *Getz* and quashing defendant's appeal from an order denying his petition to withdraw from ARD).[1]

---

[1] Rule 311 of the Pennsylvania Rules of Appellate Procedure enumerates the various types of interlocutory orders that are appealable as of right. *See* Pa.R.A.P. 311(a), (b), (c). The order in question does not satisfy the criteria for an appeal as of right under Rule 311(a), (b), or (c). Nevertheless, the Commonwealth maintains that the trial court's April 27, 2022 order is appealable as of right under Rule 311(d) because "the order . . . will terminate or substantially handicap the prosecution." *See* Notice of Appeal, 5/26/22, at 1; *see also* Pa.R.A.P. 311(d) (providing that "[i]n a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of
*(Footnote Continued Next Page)*

Instantly, Worzel was not convicted of any crime and the trial court did not impose a judgment of sentence. Rather, Worzel was charged with, *inter alia*, two counts of driving under the influence of alcohol and the trial court admitted her into an ARD program pursuant to 75 Pa.C.S.A. § 3807. Under these circumstances, and consonant with **Getz** and **Horn**, the trial court's April 27, 2022 order denying the Commonwealth's motion to terminate Worzel's participation in ARD and extending her time in the program is not an appealable order. **See Horn**, 172 A.3d at 1137-38; **Getz**, 598 A.2d at 1310.[2] Accordingly, this appeal is not properly before us.

Appeal quashed.

_____

right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution"). Although Rule 311(d) permits an appeal as of right, prior case law has continually placed limits on the scope of this right as it pertains to non-evidentiary issues. **See Commonwealth v. Woodard**, 136 A.3d 1003, 1005 (Pa. Super. 2016). Thus, this Court will not accept blindly the Commonwealth's certification of substantial hardship when appeal is sought for non-evidentiary interlocutory orders, such as the order in question. **Id**. Moreover, in the ARD context, an order is appealable only when the ARD order disposes of all claims and of all parties in the case. **See Commonwealth v. Boos**, 620 A.2d 485 (Pa. 1993) (holding that an order reinstating defendant's admission into ARD was a reviewable final order because it resolved the defendant's criminal charge, terminated the DUI charge, and precluded the resumption of prosecution). Here, the April 27, 2022 order did not fully resolve Worzel's criminal charges or preclude prosecution of those charges. Instead, it merely held the resolution of the criminal prosecution in abeyance for an additional ninety days. Thus, the Commonwealth may not invoke Rule 311(d) to appeal this interlocutory order.

[2] Notably, the Commonwealth did not ask for or receive permission to appeal the interlocutory ARD order pursuant to Pa.R.A.P. 312, nor has it asserted that the order could satisfy the collateral order doctrine pursuant to Pa.R.A.P. 313.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *4/20/2023*